[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-14616
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 2, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-20892-CR-ASG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE ERNESTO PEREZ-MORALES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 2, 2009)

Before BIRCH, HULL and KRAVITCH, Circuit Judges.

PER CURIAM:

Jose Ernesto Perez-Morales ("Morales"), a federal prisoner proceeding pro

se, appeals the district court's denial of his motion for a Fed. R. Crim. P. ("Rule") 35(b) sentence reduction. The district court rejected Morales's argument that the government breached the plea agreement and concluded that it lacked jurisdiction to review the government's decision not to file a Rule 35(b) motion. After a thorough review, we affirm.

## I. BACKGROUND

Morales pleaded guilty to one count of conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846. The written plea agreement contained the following provision regarding Morales's cooperation with the government:

> If in the sole and unreviewable judgment of this Office the defendant's cooperation is of such a quality and significance to the investigation or prosecution of other criminal matters as to warrant the court's downward departure . . . this Office may at or before sentencing make a motion consistent with the intent of Section 5K1.1 of the Sentencing Guidelines prior to sentencing, or Rule 35 of the Federal Rules of Criminal Procedure subsequent to sentencing, reflecting that the defendant has provided substantial assistance and recommending that the defendant's sentence be reduced . . . . The defendant acknowledges and agrees, however, that nothing in this Agreement may be construed to require this Office to file any such motions and that this Office's assessment of the nature, value, truthfulness, completeness, and accuracy of the defendant's cooperation shall be binding insofar as the appropriateness of this Office's filing of any such motion is concerned.

The Presentence Investigation Report ("PSI") identified Morales's guideline

sentencing range as 70-87 months' incarceration. The district court ultimately sentenced Morales to 70 months' imprisonment. The government did not file a motion for a reduction based on substantial assistance.

Morales filed a pro se motion in district court requesting the court to compel the government to honor its agreement by filing a Rule 35(b) motion based on his testimony against a co-defendant, as well as other substantial assistance. This was denied, as was a later motion for a reduction of his sentence or downward departure. This appeal followed.

## II. STANDARDS OF REVIEW

We construe briefs filed by pro se litigants liberally. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). We review de novo whether the government has breached a plea agreement. United States v. Mahique, 150 F.3d 1330, 1332 (11th Cir. 1998). We also review de novo whether the government can be compelled to file a substantial assistance motion. See United States v. Forney, 9 F.3d 1492, 1498 (11th Cir. 1993). We review the district court's denial of an evidentiary hearing for an abuse of discretion. United States v. Gay, 251 F.3d 950, 951 (11th Cir. 2001).

## III. DISCUSSION

A court may reduce a defendant's sentence where the government moves for

3

such a reduction under Rule 35(b) based on the defendant's substantial assistance in investigating or prosecuting another person. Fed. R. Crim. P. 35(b); see also U.S.S.G. § 5K1.1. Morales argues that he is entitled to a reduction in his sentence because he agreed to testify against his co-defendant and provided additional information to the government. Morales contends that because the government did not make such a motion, it breached the plea agreement and that he is now entitled to specific performance of the agreement. He also argues that the district court violated his Fifth and Eighth Amendment rights by not compelling the government to move for a Rule 35(b) sentence reduction and that the district court abused its discretion by declining to grant an evidentiary hearing as to whether Morales was entitled to a Rule 35(b) sentence reduction. We disagree.

Although the government has the discretion to determine whether to file a Rule 35(b) motion, in Wade v. United States, 504 U.S. 181 (1992), the Supreme Court held that "federal district courts have authority to review a prosecutor's refusal to file a substantial-assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive . . . say, because of the defendant's race or religion." Id. at 185-86.

Because Morales has not proven that the government acted with an unconstitutional motive in declining to move for a sentence reduction, the district

4

court lacked jurisdiction to compel the government to make a Rule 35(b) motion. Morales seeks to satisfy the "unconstitutional motive" element by arguing that by refusing to file the motion, the district court violated Morales's due process rights and infringed on his liberty rights, in violation of the Fifth and Eighth Amendments. This argument is unavailing for two reasons. First, it treats the refusal to file the motion as the cause of a constitutional violation, whereas the Supreme Court requires that, in order to obtain relief, the government's refusal to file the motion must be "based on an unconstitutional motive." Second, Wade is limited to the types of impermissible prosecutorial motives described by the Supreme Court, namely those based on, "race, religion or other arbitrary classification." Forney, 9 F.3d at 1501 n.4 (citing Wade, 504 U.S. at 186); see United States v. McNeese, 547 F.3d 1307, 1309 (11th Cir. 2008) ("The government's desire to retain some control over McNeese's sentence is not of the same ilk as those unconstitutional motives described by the Supreme Court, namely the defendant's race or religion."). Morales does not assert that the government declined to make a Rule 35(b) motion based on one of the unconstitutional motives described by the Court in Wade. We therefore conclude that the district court lacked the authority to compel the government to make a Rule 35(b) motion based on Morales's alleged substantial assistance.

5

Next, the district court did not abuse its discretion in declining to conduct an evidentiary hearing as to whether the government violated Morales's rights in refusing to file the Rule 35(b) motion.  A defendant is not entitled to an evidentiary hearing simply because he alleges that he "provided substantial assistance or [] makes only generalized allegations of an improper motive." United States v. Dorsey, 554 F.3d 958, 961 (11th Cir. 2009).  It is only where there is an "an allegation and a substantial showing" of an unconstitutional prosecutorial motive that an evidentiary hearing is appropriate.  Id. (quoting Forney, 9 F.3d at 1502) (emphasis in original).  Because we conclude that Morales has not made a substantial showing that the government declined to file a Rule 35(b) motion because of an unconstitutional motive, the district court did not abuse its discretion by refusing to grant an evidentiary hearing on this issue.

Finally, we conclude that the government did not breach the plea agreement by declining to move for a Rule 35(b) sentence reduction.  The plea agreement specifically stated the government would file a Rule 35(b) motion if, in its "sole and unreviewable judgment," it determined that such a motion was warranted. This court has held that such language precludes courts "from intruding into prosecutorial discretion." Forney, 9 F.3d at 1501.  The plea agreement at issue in Morales's case did not obligate the government to file a Rule 35(b) motion,

6

therefore the government did not breach the agreement by declining to seek a reduction of Morales's sentence.

## IV.  CONCLUSION

For the reasons stated, we affirm the district court.

**AFFIRMED.**