**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Frank Lino DIAZ, Defendant.**

**Appeal of Frank L. DIAZ, Margarita B. Diaz, Frank Diaz, and Amparo Diaz, Appellants.**

**No. 86–5122.**

United States Court of Appeals, Eleventh Circuit.

March 6, 1987.

---

David K. Tucker, Bierman, Sonnett, Shohat & Sale, P.A., Miami, Fla., for appellants.

Leon B. Kellner, U.S. Atty., Linda Collins-Hertz, Nancy L. Worthington, Norman A. Moscowitz, Asst. U.S. Attys., Miami, Fla., for plaintiff-appellee.

Before KRAVITCH and HATCHETT, Circuit Judges, and MORGAN, Senior Circuit Judge.

MORGAN, Senior Circuit Judge:

This appeal was taken from the district court's denial of bond remission to appellants. Appellants contend that there should be a remission of bond, and that Judge King erred in relying solely on the parties' pleadings, thereby denying said remission without holding an evidentiary hearing. Upon review of the applicable case law and the facts presented, we conclude that the district court did not abuse its discretion by refusing to hold an evidentiary hearing and consequently denying bond remission.

## I. THE PROCEEDINGS BELOW

Frank Lino Diaz (hereinafter referred to as Diaz) was indicted by a federal grand jury in the Southern District of Florida for tax evasion, perjury, and attempted bribery of grand jury witnesses. His bond was set at $300,000.00. This bond was secured by a condominium owned by Diaz and his wife, Margarita, plus the family residence of Diaz's parents, Frank and Amparo Diaz. Diaz's attorney informed the United States attorney's office that Diaz would change his original plea of innocent to guilty provided that he could do this on Wednesday, June 26, 1985. The U.S. attorney responded that he would accept the change of plea but that the date would have to be set for Monday, June 24, 1985. On that day, Diaz failed to appear and a Dr. Mora (a personal friend of Diaz) testified that he had checked Diaz into a hospital for tests, as Diaz had been complaining of stomach cramps. The court continued the case for Thursday, June 27, 1985. On Wednesday, June 26, 1985, Mr. Diaz was allegedly kidnapped. The stipulated facts show that

Diaz was parked at an Exxon station across the street from his law office. The station attendant gave a statement to the police to the effect that he saw a car pull up alongside Diaz's jeep and a "Colombian"-looking male forced Diaz into the car at gunpoint. The alleged kidnappers made no contact with Diaz's family and he remains at large.

Other facts proffered by appellants' counsel are that Diaz did not make any large cash withdrawals before the kidnapping, neither did he take any clothes nor his passport. He also had closed his law office and was giving things away, apparently in contemplation of imprisonment. Finally, one week prior to his kidnapping, his law office was burglarized. The only items stolen were files regarding various Colombian clients.

Upon Diaz's failure to appear, Judge King estreated the $300,000.00 bond and ordered the United States Marshal to place the secured property in the immediate and exclusive possession of the United States government. On January 8, 1986, he denied appellants' petition for remission of bond forfeiture without holding an evidentiary hearing. However, the government agreed not to sell the property pending this court's decision on appeal.

## II. DISCUSSION

Appellants raise two issues on appeal. First, they claim that Judge King erred in not granting an evidentiary hearing thereby denying appellants their day in court. In the alternative, they request this court to remit the forfeited bond upon its own initiative. This court feels that appellants must lose on both issues.

### A. The Evidentiary Hearing

 Appellants have the right to an evidentiary hearing if they can demonstrate any rational basis for remission of the appearance bond forfeiture judgment. The determination of whether or not to allow an evidentiary hearing is within the broad discretionary powers of the district court. *United States v. Roher,* 706 F.2d

725, 728 (5th Cir.1983). The question of the necessity of conducting evidentiary hearings on bond remission cases has not been specifically dealt with by this court; therefore, we draw our reasoning from our sister circuits. One circuit holds that "[w]hen data bearing on relevant factors is proffered, the holding of an evidentiary hearing is essential to an informed exercise of discretion based on 'what is right and equitable under the circumstances and the law'." *United States v. Nell,* 515 F.2d 1351, 1353–54 (D.C.Cir.1975) (quoting *Langnes v. Green,* 282 U.S. 531, 541, 51 S.Ct. 243, 247, 75 L.Ed. 520 (1931)). However, another circuit has stated that when "the affidavits of the parties adequately set forth the relevant facts, a full-scale evidentiary hearing is not required." *United States v. Gutierrez,* 771 F.2d 1001, 1004 (7th Cir.1985). We agree that as long as the district court judge has all the necessary facts to make a just and equitable determination of the case, there is no point in further belaboring the court system. In this case, appellants admit that all the facts were contained in their pleadings. Therefore, Judge King's basic denial of an evidentiary hearing was not an abuse of discretion, as a hearing would produce no additional facts to aid appellants in meeting their burden of proof.

### B. The Central Question Of Remission

Although appellant continually stressed in oral argument that his clients' initial goal on appeal was to receive an evidentiary hearing, this was an unnecessary tactic. Since all the relevant facts were contained in the pleadings, Judge King would have made the same decision with or without the hearing. Therefore, it is clear that the central question is whether Judge King's denial of remission was an abuse of discretion.

 The controlling authority for setting and revoking bond is Fed.R.Crim.P. 46. It clearly states that once bond is set, "[i]f there is a breach of condition of a bond, the district court shall declare a forfeiture of the bail." Fed.R.Crim.P. 46(e)(1). How-

ever, Rule 46(e)(1) combines with 46(e)(2) and 46(e)(4) to give the district judge virtually unbridled discretion in granting motions to remit bond forfeiture.[1] His decision may only be overturned upon a finding of arbitrary and capricious abuse of discretion. *United States v. Bass,* 573 F.2d 258, 260 (5th Cir.1978). Appellate courts are loath to second-guess the district judge as he was the magistrate with the full benefit of the facts. "We must keep in mind that the discretion is to be exercised by the district court and not by a court of review. This court should not substitute its discretion for that of the district court." *United States v. Davis,* 202 F.2d 621, 624 (7th Cir.1953), *cert. denied,* 345 U.S. 998, 73 S.Ct. 1141, 97 L.Ed. 1404 (1953).

■ Judge King's decision to deny remission was not an abuse of discretion. The basic reason for this is that Diaz is still at large. This fact is important to our conclusion for two reasons. First, since Diaz is still missing the appellants cannot overcome several important hurdles normally used to establish that justice necessitates remission. The general method of accomplishing this is to show that the bond forfeiture bears no reasonable relation to several factors:

1) the cost and inconvenience to the government in regaining custody of the defendant,

2) the amount of delay caused by the defendant's default and the stage of the proceedings at the time of his disappearance,

3) the willfulness of the defendant's breach of conditions and the prejudice suffered by the government, and

4) the public interest and necessity of effectuating the appearance of the defendant.

*United States v. Parr,* 594 F.2d 440, 444 (5th Cir.1979).[2] In the case at bar, the fact that Mr. Diaz remains unaccounted for makes any application of these factors untenable. To begin, there is no way to measure the cost and inconvenience to the government while Mr. Diaz is not in custody. Likewise, the delay caused by his default is still increasing. Finally, it is nearly impossible to determine from the facts whether Diaz was forcibly abducted or if he willfully staged his own kidnapping. Until he is found, this question remains a mystery.

■ Additionally, Judge King was correct in following controlling case law which demands the presence of the defendant. This court has previously held that as of 1981 no case existed which remitted a forfeited bond while the defendant was still at large. *United States v. Skipper,* 633 F.2d 1177, 1180 n. 6 (5th Cir.1981). The purpose of bond is to secure the presence of the defendant to answer any charge or charges against him, and to respond to the judgment of the court, while at the same time bond affords the defendant freedom from harassment and confinement before he is proven guilty of the offense charged. Fed. R.Crim.P. 46. "Remission of forfeited bonds while their subjects are still at large would undermine that purpose." *United States v. Skipper,* 633 F.2d 1177, 1180 (5th Cir.1981). Appellants cite a post-*Skipper* case which they claim allowed remission while the defendant was still unaccounted for. In *United States v. Velez,* this court

1. Fed.R.Crim.P. 46(e)(2):

Setting aside. The court may direct that a forfeiture be set aside in whole or in part, upon such conditions as the court may impose, *if a person released upon execution of an appearance bond with a surety is subsequently surrendered by the surety into custody or if it otherwise appears that justice does not require the forfeiture.* (As amended Oct. 12, 1984, Pub.L. 98–473, Title II, § 209(d), 98 Stat. 1987.) (Emphasis added).
Fed.R.Crim.P. 46(e)(4):

Remission. After entry of such judgment, the court may remit it in whole or in part under the conditions applying to the setting aside of forfeiture in paragraph (2) of this subdivision.

2. Courts have refused to specifically emphasize any of these factors. Furthermore, although these factors are mentioned most often, they are not the only factors that may be relevant. *United States v. Nell,* 515 F.2d 1351, 1353 (D.C.Cir. 1975).

did remit $30,000.00 in forfeited bond money while Velez was not present. 693 F.2d 1081 (11th Cir.1982). However, this was due to the fact that the lower court had promised the surety prior to defendant's disappearance that the bond would be reduced from $60,000.00 to $30,000.00. Through a mix-up, the lower court ordered the forfeiture of the full $60,000.00 when Velez absconded prior to the second day of his trial. This court found that since the surety detrimentally relied on the earlier promise of bond reduction, the district court had abused its discretion in requiring forfeiture of the full $60,000.00. Accordingly, $30,000.00 was remitted to the surety. However, since Velez was still at large, the surety forfeited the remaining $30,000.00 in bond. *Id.* at 1084. Therefore, this court has never granted remission based on circumstances surrounding the defendant's disappearance while said defendant was not accounted for. We agree with the appellee's position that there should be no evidentiary hearing concerning bond remission in this case until Mr. Diaz has surfaced, and a determination of where the equities lie is more readily available.

### III. CONCLUSION

This court realizes the distress that has been thrust on the appellants by these events, however, we are obliged to find that there was no abuse of discretion by the lower court in its dismissal of this request for remission of forfeited bond. Even though appellants stand to lose their house as a result of this forfeiture, the "financial plight" of the movant is not within the criterion with which the court may base its decision on remission. *United States v. Bradley*, 43 F.R.D. 278, 280 (W.D.Pa.1967). What is important are the circumstances leading to defendant's breach of contract with the government. Until Mr. Diaz is found or heard from, there can be no hearing on bond remission.

AFFIRMED.