[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-14724
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 3, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:05-cr-20946-FAM-1


UNITED STATES OF AMERICA,

                                                        Plaintiff-Appellee,


versus

TEODORO JULIO GONZALEZ,
a.k.a. Julito,
a.k.a. Teo,

                                                        Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(October 3, 2011)

Before PRYOR, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Teodoro Gonzalez, proceeding here pro se, entered a counseled plea of guilty to one count of posession of stolen property shipped in interstate commerce, in violation of 18 U.S.C. § 2315. Gonzalez appeals the district court's denial of his motions to remit forfeiture of his appearance bonds, to compel the government to file a Fed. R. Crim. P. 35(b) motion for a reduction in sentence, and to disclose grand jury transcripts. After thorough review, we affirm.

I.

Gonzalez challenges the district court's denial of his motion to remit forfeiture of his appearance bonds. A district court is empowered to set and revoke a bond pursuant to Fed. R. Crim. P. 46. United States v. Diaz, 811 F.2d 1412, 1414–15 (11th Cir. 1987). Rule 46 states that the court must declare the bail forfeited if a condition of the bond is breached. Fed. R. Crim. P. 46(f)(1). However, Rule 46(f)(2) provides that the court may set aside in whole or in part a bail forfeiture upon any condition the court may impose if: (A) the surety later surrenders into custody the person released on the surety's appearance bond; or (B) it appears that justice does not require bail forfeiture. Fed. R. Crim. P. 46(f)(2). Subdivision (f)(4) provides that after entering a judgment under Rule 46(f)(3), the court may remit in whole or in part the judgment under the same conditions specified in Rule 46(f)(2). Fed. R. Crim. P. 46(f)(4).

We have explained that Rule 46(f)(1) combines with Rule 46(f)(2) and (f)(4) to give the district court judge virtually unbridled discretion in granting motions to remit bond forfeiture. Diaz, 811 F.2d at 1415.[1] As such, the district court's decision may be overturned only upon a finding of arbitrary and capricious abuse of discretion. Id.; see also United States v. Skipper, 633 F.2d 1177, 1180 (5th Cir. Jan. 1981).[2]

The general method of proving that justice necessitates remission is to show that the bond forfeiture bears no reasonable relation to several factors: (1) the cost and inconvenience to the government in regaining custody of the defendant; (2) the amount of the delay caused by the defendant's default and the stage of the proceedings at the time of his disappearance; (3) the willfulness of the defendant's breach of conditions and the prejudice suffered by the government; and (4) the public interest and necessity of effectuating the appearance of the defendant. Diaz, 811 F.2d at 1415; United States v. Parr, 594 F.2d 440, 444 (5th Cir. 1979). Courts have refused to specifically emphasize any of these factors, nor are they the

---

[1] In *Diaz*, we considered a prior version of Rule 46 in which the subdivision now designated as Rule 46(f) was designated as Rule 46(e). For the purpose of clarity, this opinion will only refer to Rule 46(f), even if former Rule 46(e) is cited in earlier holdings.

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

only factors that may be relevant. *Diaz*, 811 F.2d at 1415 n.2.

Gonzalez argues that the Diaz factors compel remittitur. We disagree. Although the record does not indicate an exact cost in regaining custody of Gonzalez, some additional costs were necessarily expended to locate Gonzalez after he absconded. See Diaz, 811 F.2d at 1415. Moreover, Gonzalez's failure to appear inconvenienced the government by forcing it to prepare for the change-of-plea hearing for which Gonzalez failed to appear, and further by imposing the additional burdens of attaining revocation and estreature of the surety bond. See id. Finally, the bond forfeiture also bears a reasonable relation to the public interest in effectuating Gonzalez's appearance and ensuring that court orders are obeyed. See id.; see also Parr, 594 F.2d at 444. As a result, we cannot say that the district court abused its discretion in denying Gonzalez's motion to remit the forfeiture of his surety bonds.[3]

## II.

Gonzalez also challenges the district court's denial of his post-sentencing

---

[3] Gonzalez also argues that the district court denied him due process by failing to hold a full adjudication of his motion to remit the forfeiture. Due process requires, at a minimum, notice and an opportunity to be heard regarding the propriety of the bond forfeiture. See Grayden v. Rhodes, 345 F.3d 1225, 1232 (11th Cir. 2003). The district court plainly provided both in this case. Nor did the district court abuse its discretion in declining to conduct an evidentiary hearing prior to denying his motion to remit. Here, "all the necessary facts to make a just and equitable determination of the case" were contained in that motion, which we have held renders an evidentiary hearing unnecessary. See Diaz, 811 F.2d at 1414.

motion seeking to compel the government to file a substantial-assistance motion under Fed. R. Crim. P. 35(b) to reduce his sentence. The district court denied Gonzalez's motion for lack of jurisdiction. Whether the district court can compel the government to file a substantial-assistance motion is a question of law that we review de novo. See United States v. Forney, 9 F.3d 1492, 1498 (11th Cir. 1993).

Under Rule 35(b), "[u]pon the government's motion made within one year of sentencing, the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person." Fed. R. Crim. P. 35(b)(1). The Supreme Court has held that this rule gives the government "a power, not a duty, to file a motion when a defendant has substantially assisted." Wade v. United States, 504 U.S. 181, 185, 112 S. Ct. 1840, 1843 (1992). Ordinarily, "courts are precluded from intruding into prosecutorial discretion." Forney, 9 F.3d at 1501–02. A district court may review the government's refusal to file a substantial-assistance motion only if the defendant first makes a "substantial threshold showing" that the refusal was based on an unconstitutional motive, such as the defendant's race or religion, or that the refusal was not rationally related to any legitimate government end. Wade, 504 U.S. at 186–87, 112 S. Ct. at 1844. Additionally, judicial review is also appropriate if the defendant makes a threshold showing that the government's

5

refusal to file a substantial-assistance motion breached the express terms of the defendant's plea agreement. Forney, 9 F.3d at 1500–03, nn. 2, 5.

Here, the district court did not err in finding that it lacked jurisdiction to compel the government to file a Rule 35(b) motion because Gonzalez failed to make a substantial showing that the government either breached the terms of his plea agreement or acted with an unconstitutional motive. See Wade, 504 U.S. at 186–87, 112 S. Ct. at 1844; Forney, 9 F.3d at 1500 n.2, 1503 n.5. First, the government did not breach the terms of his plea agreement because the agreement did not address the filing of a Rule 35(b). Second, Gonzalez has not alleged that the government refused to file a Rule 35(b) based on an unconstitutional motive. He alleges only that the motion was warranted because he provided substantial assistance. However, that allegation does not provide a sufficient basis for relief. See United States v. Dorsey, 554 F.3d 958, 961 (11th Cir. 2009) (explaining that "[a] defendant who merely claims to have provided substantial assistance or who makes only generalized allegations of an improper motive is not entitled to a remedy or to even an evidentiary hearing"). For these reasons, the district court correctly found that it lacked jurisdiction to review Gonzalez's motion.

### III.

Finally, Gonzalez argues that the district court erred in denying his motion

for disclosure of grand jury transcripts. Rule 6(e) of the Federal Rules of Criminal Procedure prohibits the disclosure of grand jury material except in the limited circumstances provided in Rule 6(e)(3). The portion of that provision at issue here is:

> The court may authorize disclosure—at a time, in a manner, and subject to other conditions that it directs—of a grand jury matter:
>
>> (ii) at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury.

Fed. R. Crim. P. 6(e)(3)(E)(ii).[4] The Supreme Court has explained that the Rule 6(e) exceptions only apply when a party seeking disclosure of grand jury material shows a "particularized need" for that material. See Douglas Oil Co. of Cal. v. Petrol Stops Nw., 441 U.S. 211, 222 n.12, 99 S. Ct. 1667, 1674 (1979). In order to demonstrate a particularized need, the requesting party must show that "the material [he] seek[s] is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that [his] request is structured to cover only material so needed." Douglas Oil Co. of Cal., 441 U.S. at 222; see also United States v. Aisenberg, 358

---

[4] Under Fed. R. Crim. P. 6(e)(3)(E)(i), a court may authorize disclosure "preliminarily to or in connection with a judicial proceeding." Gonzalez has not sought disclosure under Rule 6(e)(3)(E)(i). Even if he had, the exception does not apply because, for the reasons explained below, Gonzalez has not shown a particularized need for the disclosure.

7

F.3d 1327, 1348–49 (11th Cir. 2004) (particularized need is established by showing that "circumstances . . . created certain difficulties peculiar to this case, which could be alleviated by access to <u>specific</u> grand jury materials, without doing disproportinate harm to the salutary purpose of secrecy embodied in the grand jury process").

Gonzalez sought disclosure of all transcripts from his grand jury proceeding. He argued that disclosure was warranted because the prosecutor involved in his case was sanctioned for prosecutorial conduct in an unrelated criminal case over three years after his indictment.[5] Gonzalez alleged that the grand jury transcripts would support his claim that the prosecutor manipulated witnesses and assist him in filing motions for relief under 28 U.S.C. § 2255 or § 2241.

Gonzalez has not carried his burden of showing a particularized need for disclosure of the grand jury transcripts. Unsubstantiated allegations of grand jury manipulation do not satisfy the particularized need standard. <u>United States v. Cole</u>, 755 F.2d 748, 758–59 (11th Cir. 1985); <u>United Kingdom v. United States</u>,

---

[5] Federal prosecutor Sean Cronin was publicly reprimanded by the U.S. District Court for the Southern District of Florida in 2009 for prosecutorial misconduct. <u>See</u> <u>United States v. Shaygan</u>, 661 F. Supp. 2d 1289, 1323–24 (S.D. Fla. 2009). Our Court concluded that the district court violated Cronin's civil rights by publicly reprimanding him without first affording him due process. <u>See</u> <u>United States v. Shaygan</u>, No. 09-12129, slip op. at 44–48 (11th Cir. Aug. 29, 2011).

238 F.3d 1312, 1321 (11th Cir. 2001) (explaining that grand jury testimony may not be released "for the purpose of a fishing expedition or to satisfy an unsupported hope of revelation of useful information" (quoting United States v. Rockwell Int'l Corp., 173 F.3d 757, 760 (10th Cir. 1999)); United States v. Burke, 856 F.2d 1492, 1496 (11th Cir. 1988) (observing that general allegations do not establish particularized need). Gonzalez has not offered any evidence that the prosecutor manipulated witnesses in his case. The mere fact that the prosecutor was later sanctioned for misconduct is insufficient to establish particularized need. See In re Disclosure of Evidence Taken Before Special Grand Jury Convened on May 8, 1978, 650 F.2d 599, 601 (5th Cir. July 1981) (explaining that "the movant [is required] to demonstrate reasons for disclosure which are peculiar and particular to his case" (emphasis added)). Further, Gonzalez's "blanket request for all grand jury materials [is not] the kind of particularized request required for the production of otherwise secret information." Aisenberg, 358 F.3d at 1349. We find no abuse of discretion in the district court's denial of Gonzalez's request for grand jury materials.[6] See id. at 1338.

AFFIRMED.

---

[6] The district court denied Gonzalez's motion for lack of jurisdiction. Because we conclude that Gonzalez failed to make a case for disclosure under Fed. R. Crim. P. 6(e)(3)(E), we decline to decide whether the district court had jurisdiction to entertain Gonzalez's motion.

9