NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0701n.06

No. 10-4550

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

**Jun 29, 2012**

LEONARD GREEN, Clerk

UNITED STATES OF AMERICA, )
)
    Plaintiff-Appellee, )
)
v. )
) ON APPEAL FROM THE UNITED
REBECCA S. PARRETT, ) STATES DISTRICT COURT FOR THE
) SOUTHERN DISTRICT OF OHIO
    Defendant )
) OPINION
GARCIA BAIL BONDS )
)
    Appellant. )

Before: BATCHELDER, Chief Judge; NORRIS and STRANCH, Circuit Judges.

**JANE B. STRANCH, Circuit Judge**. Garcia Bail Bonds, as surety on an appearance bond

for Rebecca Parrett, appeals a declaration of bond forfeiture. After the district court denied Garcia's

Motion to Set Aside the Forfeiture Declaration, Garcia filed motions requesting the court to alter or

amend the judgment and later to modify the judgment. The district court denied these motions and

the accompanying requests for a hearing. For the following reasons, we **AFFIRM** the district court's

judgment.

**I. BACKGROUND**

On May 19, 2006, Rebecca S. Parrett was indicted, along with several co-defendants, in the

Southern District of Ohio and charged with nine counts alleging wire fraud, securities fraud, money

laundering, and conspiracy. Three days later, Parrett was arrested in her home state of Arizona where her bond was set at $100,000. On May 23, 2006, Garcia Bail Bonds executed a surety bond for $100,000 that guaranteed Parrett's appearance before the federal district court "and at such other places as the defendant may be required to appear." The bond states it "is a continuing bond (including any proceeding on appeal or review) which shall continue until such time as the undersigned are exonerated." The district court in Arizona imposed conditions on Parrett's release which included a travel restriction to travel only within and between Arizona, Ohio, and California, but did not require house arrest or electronic monitoring.

On March 13, 2008, Parrett and her co-defendants were found guilty on all counts by a jury in the Southern District of Ohio. Immediately following discharge of the jury, the district court considered the Government's motion for the defendants to be incarcerated pending sentencing. The court heard argument and proof from the prosecution and the defendants regarding whether any defendant, including Parrett, was a flight risk. The court found that "there are circumstances which point to clear and convincing evidence that these defendants do not pose a flight risk." However, the court ordered "an additional prophylactic step toward ensuring that the temptation to flee does not overcome their good judgment" in the form of electronic monitoring and house arrest. Parrett was ordered to contact the U.S. Pretrial Services Office on March 14, 2008, but did not do so.

Almost two weeks later, Parrett still had not reported to Pretrial Services or been fitted with an electronic monitoring device. Therefore, on March 28, 2008, Pretrial Services petitioned the court to issue a warrant for Parrett's arrest, which the court did the same day upon finding Parrett had violated the conditions of her release. On January 14, 2009, the court issued a Declaration of Bond

Forfeiture. Garcia asserts receipt of the bond forfeiture declaration was the first time it had been notified of Parrett's conviction, her release pending sentencing, the modification of the conditions of her release, and her failure to comply with those conditions. On January 28, Garcia filed a Motion to Set Aside Bond Forfeiture, arguing that it should be released from the bond due to its lack of notice of Parrett's conviction and lack of agreement to bond modification that materially increased its risk without notice or consent. On March 26, the district court denied Garcia's motion and request for a hearing finding that the risk assumed by Garcia had not been materially increased by the conviction and bond modification.

On April 4, pursuant to Federal Rule of Civil Procedure 59(e), Garcia moved to alter or amend the judgment based substantially on its prior arguments. On April 24, before the court responded to Garcia's most recent motion, Garcia filed a notice of appeal of the March 26, 2009 order. In an order dated October 14, 2010, this Court dismissed Garcia's appeal, finding we lacked jurisdiction because Garcia's Rule 59(e) motion was still pending in the district court. That October the U.S. Marshal Service located and apprehended Parrett in Mexico. On November 4, Garcia filed a Motion to Modify Bond Forfeiture and Request for Hearing alleging that "circumstances have changed since the original filing of the bond forfeiture." On December 1, the district court denied all Garcia's motions. Garcia timely appealed.

## II. DISCUSSION

### A. Denial of a Motion to Set Aside Bond Forfeiture

#### 1. Standard of Review

3

This Court generally reviews a district court's denial of motions to alter or amend a judgment for abuse of discretion. *Ventas, Inc. v. HCP, Inc.*, 647 F.3d 291, 328 (6th Cir. 2011). However, in reviewing a district court's decision to deny a request to set aside a bond forfeiture or denying remission after judgment, the standard of review is whether the district court's actions were "arbitrary and capricious." *United States v. Casey*, 671 F.2d 975, 976 (6th Cir. 1982); *see also United States v. Scott*, Nos. 93-5375, 93-6340, 1994 WL 399543, at *2 (6th Cir. July 29, 1994).

### 2.	Release from Bond Obligations

Federal Rule of Criminal Procedure 46(f)(2) gives a court the power to set aside in whole or in part a bond forfeiture where "the surety later surrenders into custody the person released on the surety's appearance bond" or "it appears that justice does not require" forfeiture. A court may consider a variety of factors in exercising its discretion whether to remit a bond forfeiture, including: the willfulness of the defendant's conduct in failing to appear; mitigating circumstances; whether the surety played any role in apprehending the defendant; the cost, inconvenience, or prejudice to the government; and whether the surety was a professional bondsman as opposed to a friend or a relative. *Scott*, 1994 WL 399543, at * 2 (citation omitted). It is undisputed that Garcia did not apprehend Parrett. Instead, Garcia argues that justice does not require forfeiture and advances several arguments in support of this position.

Garcia first argues that it was never notified of Parrett's conviction, which substantially increased the risk of her flight. This Court has recognized that in certain circumstances "a material increase in risk discharges a surety." *Casey*, 671 F.2d at 977 (transferring bond to a superseding indictment that added additional charges to original serious violations did not significant increase

4

the likelihood that the defendant would jump bail). However, as properly found by the district court, Garcia already assumed the risk that Parrett would be found guilty on some or all charges and be released on bail when it executed a "continuing bond" that expressly extended to appearances at "any proceeding on appeal or review."

Garcia next argues that the risk of Parrett's flight materially increased when the district court modified her bond conditions to require electronic monitoring and house arrest. The original conditions of the bond permitted Parrett to travel freely between Ohio, Arizona, and California without electronic monitoring. The court stated that the added conditions subjected defendants to "the highest level of monitoring that is available under the law" and were "an additional prophylactic step toward ensuring that the temptation to flee does not overcome their good judgment." Increased monitoring and more restrictive travel allowances make it more difficult for defendants to abscond, not easier. It was not arbitrary or capricious for the court to determine that because the bond modification did not materially increase Garcia's risk, lack of notice of and consent to that modification did not require remission of the bond forfeiture.

Because one consideration in determining whether to set aside a forfeiture is whether the surety assisted in the apprehension of the defendant, Garcia argues the Government's failure to timely notify it of Parrett's disappearance inhibited it from securing her appearance and operates against forfeiture. Even if we assume the Government's or a court's failure to notify a surety of a principal's failure to appear could release a surety from the bond obligations, such result does not follow here. Garcia allegedly did not realize Parrett had absconded until almost ten months had

passed, but Parrett was not apprehended in Mexico for another twenty-one months. Garcia has not

argued that it assisted in any way in the search during that time and, thus, its argument fails.

Garcia also argues that justice does not require forfeiture because the district court erred in

releasing Parrett on bond after her conviction. After a person is found guilty, there is a presumption

for detention pending sentencing unless the district court finds by clear and convincing evidence that

the person is not likely to flee and does not pose a danger to the community. 18 U.S.C. § 3143(a).

The defendant bears the burden of rebutting the presumption of detention. Fed. R. Crim. P. 46(c).

Garcia argues the district court erroneously placed this burden on the Government.[1] A review of the

transcript reveals that the Government, Parrett's counsel, and at times the court referred to whether

there is clear and convincing evidence that the defendants *would* be flight risks, rather than evidence

that they *would not* be flight risks, as required by statute. However, the district court recognized this

potential uncertainty and clarified the proper standard:

> One thing, I want it to be clear for the record, that under Section 3143 it is not the government's burden to demonstrate by a clear and convincing evidence that these defendants do not pose a risk of flight or a threat to the community. The statute carries a presumption in favor of detention.
>
> It's the defendant's burden to establish by clear and convincing evidence that they will either not likely flee nor pose a threat. Well, you've made arguments along those lines and pointed to what you believe are factors that would constitute clear and convincing evidence. I just wanted the record to be clear that Mr. Squires was not

---

[1]Garcia also argues that there was no presentation on the issue of risk of harm. Although Garcia correctly points out that the district court did not press the defendants for such evidence, the Government had already conceded that the defendants were not threats to their respective communities. Further, Parrett's counsel did present evidence that she had no prior criminal history, and the court ultimately found the defendants were not threats to their communities.

> burdened with the responsibility of demonstrating that there was clear and convincing evidence that these gentlemen and this lady would flee.

The court held: "This Court, however, believes that for the many circumstances cited with respect to each of these defendants, that there is not clear and—that there is clear and convincing evidence that they do not pose a flight risk." Although there may have been some uncertainty earlier in the hearing, the court clarified the burden and ultimately applied the proper standard.

Finally, Garcia argues that remission is necessary because the Government presented no evidence regarding the costs and expenses it incurred that would justify forfeiture of the $100,000 bond. The Government did not provide the court with an accounting, although it did state that it

> expended a great deal of time and resources locating and arresting Parrett. The United States Marshals Service lead the apprehension efforts and devoted an enormous amount of time in their dedicated search for Parrett. Resources were spent on court approved investigative techniques, most significantly a wiretap, subpoenas and interviewing witnesses across the country.

The Government conducted an international search for Parrett that lasted two years and seven months. Although evidence of the actual cost to the Government would be helpful, we cannot say that the district court acted arbitrarily and capriciously based on this one factor.

**B.     Denial of a Hearing on Garcia's Motions**

**1.     Standard of Review**

The standard of review for a district court's denial of a hearing regarding a bond forfeiture has not been established in the Sixth Circuit. However, other circuits review the denial under an abuse-of-discretion standard. *See, e.g.*, *United States v. Martinez*, 151 F.3d 68, 74 (2d Cir. 1998); *United States v. Santiago*, 826 F.2d 499, 505 (7th Cir. 1987).

## 2. Denial of Garcia's Motions for a Hearing

A district court is not required to hold an evidentiary hearing and may properly deny the motion when the affidavits submitted by the parties sufficiently set forth the relevant facts. *United States v. Gutierrez*, 771 F.2d 1001, 1004 (7th Cir. 1985). The district court denied Garcia's motions for a hearing based on its finding that the briefs and affidavits set forth all the relevant facts for the resolution of the motion.

Garcia argues that a hearing was necessary to determine whether Garcia was provided sufficient notice of the changes in Parrett's case. Because we affirm the district court's holding that there was no materially increased risk which would entitle Garcia to notice, the district court did not abuse its discretion in refusing to hold a hearing on this basis. Garcia also argues it would press at a hearing its allegation that it would not have agreed to continue the bond with the new conditions after her conviction. However, Garcia signed a *continuing* bond and had already agreed to continue the bond after Parrett's conviction. The additional conditions on her release only reduced any risk to Garcia. Therefore, even if the district court accepted Garcia's allegations as true, they were irrelevant. *See Martinez*, 151 F.3d at 74 (finding no abuse of discretion to deny a hearing where sureties' arguments, even if true, were irrelevant to bond forfeiture).

Finally, Garcia argues a hearing was necessary in order for the court to "learn of the new information" which Garcia referenced: "Surety has received information that the Defendant in this case has been located, and circumstances have changed since the original filing of the bond forfeiture." Garcia did not provide any further information about what change in circumstances would support remission of forfeiture besides Parrett's capture. "Moving parties are exhorted to

state with clarity the basis for their Rule 59(e) motions." *Intera Corp. v. Henderson*, 428 F.3d 605, 621 (6th Cir. 2005). It was not an abuse of discretion for the district court to read Garcia's motion as relying only on Parrett's capture. Garcia's affidavits submitted with its motions only allege its failure to be notified and its unwillingness to continue the bond, it never alleges that it assisted in the search for Parrett. Garcia provided no other new information that suggested the need for a hearing. Therefore, the district court did not abuse its discretion in deciding Garcia's motions without a hearing.

### III. CONCLUSION

For the foregoing reasons, we **AFFIRM** the district court's judgment denying Garcia's Motion to Alter or Amend Judgement and Motion to Modify Bond Forfeiture and Request for Hearing.