[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10987
_____

D.C. Docket No. 4:08-cv-00324-RH-CAS


FLORIDA WILDLIFE FEDERATION INC,
SIERRA CLUB, INC.,
ENVIRONMENTAL CONFEDERATION OF SOUTHWEST FLORIDA, INC.,
ST. JOHNS RIVERKEEPER, INC.,
CONSERVANCY OF SOUTHWEST FLORIDA, INC.,
STATE OF FLORIDA,

                                                            Plaintiffs-Appellants,

FLORIDA ELECTRIC POWER COORDINATING GROUP, INC.
ARGICULTURAL RETAILERS ASSOCIATION,
AMERICAN FARM BUREAU FEDERATION,
FLORIDA FERTILIZER & AGRICHEMICAL ASSOCIATION,
FLORIDA WATER ENVIRONMENT ASSOCIATION INC., et al.,

                                                            Plaintiffs-Appellees,

GULF RESTORATION NETWORK, et al.,

                                                            Consol Plaintiffs,

FLORIDA FARM BUREAU FEDERATION, et al.,

                                                            Intervenor Plaintiffs,

DESTIN WATER USERS, INC.,
SOUTH WALTON UTILITY CO., INC.,
EMERALD COAST UTILITES AUTHORITY,
CITY OF PANAMA CITY,
FLORIDA LEAGUE OF CITIES, INC., et al.,

                                        Intervenor Plaintiffs-Appellees,

                    versus

ADMINISTRATOR, U.S. ENVIRONMENTAL PROTECTION AGENCY,

                                              Defendant-Appellee,

U.S. ENVIRONMENTAL PROTECTION AGENCY,

                                    Defendant-Cross Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(July 7, 2015)

Before ED CARNES, Chief Judge, COX, Circuit Judge, and ROYAL,[*] District
Judge.

PER CURIAM:

In 2008 a number of conservationist organizations sued the Environmental

Protection Agency, seeking increased federal oversight of Florida's waters.  The

conservationists and EPA agreed to a consent decree in 2009.  Five years later the

_____

[*] Honorable C. Ashley Royal, United States District Judge for the Middle District of Georgia,
sitting by designation.

2

district court modified that consent decree over the conservationists' objections. This is their appeal of that 2014 order modifying the decree.

## I.

During the eighteen months between the filing of the lawsuit against it in 2008 and the entry of the 2009 consent decree, EPA made an official determination that Florida's water regulations did not meet the standards of the Clean Water Act (CWA). That determination triggered EPA's statutory duty to "promptly prepare and publish proposed regulations" for Florida's waters, 33 U.S.C. § 1313(c)(4)(B), and led to EPA agreeing to the consent decree, which required it to exercise its statutory duty to regulate Florida's waters and set deadlines for it to do so. A mixed group of utilities, municipalities, and state agencies intervened in the district court to object to the consent decree; they appealed from the entry of the decree over their objections, but we dismissed their appeal because they lacked standing. Fla. Wildlife Fed'n v. S. Fla. Water Mgmt. Dist., 647 F.3d 1296, 1306–07 (11th Cir. 2011).

After we dismissed the intervenors' appeal, EPA complied with the consent decree by promulgating a set of regulations before the first deadline. The conservationists and the intervenors challenged those regulations. The district court upheld some of the new regulations and invalidated others, requiring EPA to redraw them. See Fla. Wildlife Fed'n v. Jackson, 853 F. Supp. 2d 1138, 1176–77

3

(N.D. Fla. 2012).  Both sides appealed, but we dismissed that appeal after determining that we lacked jurisdiction to review the district court's order because it was not final or otherwise appealable.  Fla. Wildlife Fed'n v. Admin'r, U.S. EPA, 737 F.3d 689, 692 (11th Cir. 2013).

While this case was working its way back and forth between the district court and this Court, Florida was reevaluating its own water regulations.  It eventually adopted new ones, which it submitted to EPA for approval.  See 33 U.S.C. § 1313(c) (requiring a State to submit new or revised water regulations for EPA's review).  EPA approved them and made a new official determination, which was that Florida's own water regulations now satisfied the CWA.  See id. § 1313(c)(3) (describing the effect of EPA's approval of a State's proposed regulations).

In light of its approval of Florida's new regulations, EPA asked the district court to modify the consent decree to relieve it of its obligation to regulate the waters covered by Florida's new CWA-compliant regulations.  See Fed. R. Civ. P. 60(b)(5) (allowing modification of a judgment when "applying it prospectively is no longer equitable").  Over the conservationists' objections, and after holding a non-evidentiary hearing, the district court granted that request because it found that EPA had established that the two requirements for modifying a consent decree under Rule 60(b)(5) had been met:  (1) Florida's new regulations and EPA's

4

approval of them were "'a significant change either in factual conditions or in law'"; and (2) EPA's proposed modification to the decree was "'suitably tailored to the changed circumstance.'" Sierra Club v. Meiburg, 296 F.3d 1021, 1033 (11th Cir. 2002) (quoting Rufo v. Inmates of Suffolk Cnty. Jail, 502 U.S. 367, 384, 391, 112 S. Ct. 748, 760, 763 (1992)).

The conservationists contend that the district court erred by not holding an evidentiary hearing, and that even without an evidentiary hearing the court should have denied EPA's motion to modify the consent decree.

## II.

We review the district court's decision not to hold an evidentiary hearing only for an abuse of discretion. Loyd v. Ala. Dep't of Corr., 176 F.3d 1336, 1339 (11th Cir. 1999).

It was not an abuse of discretion to deny an evidentiary hearing because there are no disputed issues of fact that are material to the question whether the consent decree should have been modified. The district court reasoned that two changes in circumstance warranted modifying the consent decree:  (1) Florida had adopted comprehensive new water regulations; and (2) EPA had determined that Florida's new regulations, unlike its old ones, met the requirements of the CWA and approved them. The conservationists do not dispute that Florida adopted new regulations. Nor do they dispute that EPA approved those regulations after it

5

found that they complied with the CWA.  It is not an abuse of discretion to refuse to hold an evidentiary hearing where none of the material facts are in dispute.  See McDonald's Corp. v. Robertson, 147 F.3d 1301, 1312–13 (11th Cir. 1998); United States v. Diaz, 811 F.2d 1412, 1414 (11th Cir. 1987) (finding no abuse of discretion when the district court denied an evidentiary hearing in a bond remission case because the court already had "all the necessary facts to make a just and equitable determination of the case").

The core position of the conservationists is that EPA should not have determined that Florida's new regulations complied with the CWA.  That is not, however, a factual dispute subject to determination in an evidentiary hearing in the district court.  The conservationists' brief contains a list of what they contend are disputed facts, but none of those facts go to the existence of the two predicates for modification of a consent decree.  At oral argument, we asked, "If you had an evidentiary hearing, who's your first witness?"  Their counsel answered by listing or describing experts whose testimony would be aimed at demonstrating that Florida's new regulations do not comply with the CWA.  This case is not, however, about the validity of EPA's determination that Florida's new regulations satisfy the CWA.  As the district court noted, if the conservationists had wanted to challenge EPA's determination that the regulations do satisfy the CWA, the proper way would have been in a proceeding under the Administrative Procedure Act

6

(APA), which the conservationists apparently have not filed.  See 5 U.S.C. §§ 701–706; Sierra Club, Inc. v. Leavitt, 488 F.3d 904, 907, 911–12 (11th Cir. 2007); see also Ky. Waterways Alliance v. Johnson, 540 F.3d 466, 469, 473–74, 477 (6th Cir. 2008).  Objections to the modification of a consent decree based on a changed determination by an administrative agency cannot be used to circumvent the procedural requirements in the APA for challenging an agency's determinations.

The conservationists argue that the absence of a factual dispute does not matter; they are entitled to an evidentiary hearing anyway.  They rely on our statement in Hodge v. Department of Housing that "a district court must hold an evidentiary hearing before modifying a consent decree in such a manner as to remove requirements previously imposed."  862 F.2d 859, 861 (11th Cir. 1989) (quotation marks omitted).  Though that broad language in the Hodge opinion may comfort the conservationists, its holding can only be determined by reading the result of the appeal against the facts of the case.  See Edwards v. Prime, Inc., 602 F.3d 1276, 1298 (11th Cir. 2010) ("[R]egardless of what a court says in its opinion, the decision can hold nothing beyond the facts of that case."); Watts v. BellSouth Telecomms., Inc., 316 F.3d 1203, 1207 (11th Cir. 2003) ("Whatever their opinions say, judicial decisions cannot make law beyond the facts of the cases in which those decisions are announced.").  And the actual holding of Hodge is that an evidentiary hearing is necessary when the modification of a consent decree

depends at least in part on the resolution of disputed questions of material fact, which the modification of the consent decree in that case did.  See 862 F.2d at 861, 865–66.

This case is different because, as we have explained, here the modification of the consent decree does not turn on any disputed issues of material fact.  We will not extend the holding in Hodge from cases where material facts are in dispute to cases in which they are not.  What would be the point of an evidentiary hearing where none of the evidence to be submitted mattered, which is to say would be material to determination of the ultimate issue?  See Ty, Inc. v. GMA Accessories, Inc., 132 F.3d 1167, 1171 (7th Cir. 1997) ("[I]n any case in which a party seeks an evidentiary hearing, he must be able to persuade the court that the issue is indeed genuine and material and so a hearing would be productive.").

## III.

The conservationists next contend that even without an evidentiary hearing, the district court abused its discretion in granting EPA's motion to modify the consent decree on the merits.  They are wrong.  See Rufo v. Inmates of Suffolk County Jail, 502 U.S. 367, 383, 112 S.Ct. 748, 760 (1992) (establishing that a district court has discretion to modify a consent decree where "a significant change in circumstances warrants revision of the decree" and where "the proposed modification is suitably tailored to the changed circumstance").

8

## IV.

The district court's order modifying the consent decree is **AFFIRMED**.