STAFFORD, District Judge,
dissenting.
Because I do not agree that the district court abused its discretion in declining to set aside the bond forfeiture, I must respectfully dissent.
The Rules of Criminal Procedure provide that a court “must declare a bail forfeited if a condition of the bond is *316 breached.” Fed.R.Crim.P. 46(f)(1) (emphasis added). The court may, however, “set aside in whole or in part a bail forfeiture upon any condition the court may impose if ... it appears that justice does not require bail forfeiture.” Id. R. 46(f)(2). Further, the court may, after entering a judgment of default, “remit in whole or in part the judgment under the same conditions specified in Rule 46(f)(2).” Id. R. 46(f)(4). “[I]n reviewing a district court’s decision to deny a request to set aside a bond forfeiture or denying remission after judgment, the standard of review is whether the district court’s actions were arbitrary and capricious.” United States v. Parrett, 486 Fed.Appx. 544, 547 (6th Cir.2012) (internal quotation marks omitted). A district court abuses its discretion when it acts in an arbitrary or capricious manner. Id.; see also United States v. Cornett, 767 F.2d 922, 922 (6th Cir.1985) (unpublished decision) (stating that “[i]n order to reverse the trial court’s refusal to set aside or remit [a bond forfeiture], we must find an abuse of discretion”); United States v. Gonzalez, 452 Fed.Appx. 844, 845 (11th Cir.2011) (noting that district court has “virtually unbridled discretion” in dealing with matters of bond forfeiture under Fed.R.Crim.P. 46(f)(2) and (f)(4)).
Here, the district court determined that Free at Last had constructive notice— through the court’s electronic case filing system — of a material change in Mohammed-Ali’s bond conditions (removal of GPS ankle bracelet) and that Free at Last failed to demonstrate that “justice d[id] not require bail forfeiture.” Fed. R.Crim.P. 46(f)(2). Among other things, the district court noted that (1) Free at Last is a “sophisticated party” whose bond agreement did not require notice to the surety as to any orders the court entered; (2) the burden on sureties to monitor cases in 2010, when federal courts commonly used electronic filing and noticing systems, was not onerous; (3) despite an online public docket that could be easily monitored, Free at Last did not monitor the docket in this or any of the other many cases in which it issued bonds; (4) Mohammed-Ali was out on bond without a GPS ankle bracelet for approximately eighteen months before he fled to Ethiopia in November 2012;[1] and (5) Mohammed-Ali appeared in court four times during that eighteen-month period, which means that — presumably—he would not have been difficult for Free at Last to contact. Specifically, he appeared in court to enter a guilty plea on July 15, 2011, for status conferences on March 29 and May 16, 2012, and for sentencing on August 23, 2012, all while wearing no GPS ankle bracelet.
Given these circumstances, the district court concluded that it was “not unreasonable to expect that Free at Last would have checked the docket at least once during that time to determine how the case was progressing and whether there were any changes that might necessitate a reevaluation of its commitment.”[2] Having determined that Free at Last not only received constructive notice of the change in bond conditions and but also failed to demonstrate that justice did not require bail forfeiture, the district court concluded, in its discretion, that Free at Last was not *317 entitled to have the bond forfeiture set aside based on its failure to receive actual notice of a material change in the bond terms. The district court’s refusal to remit the bond forfeiture in this case was not arbitrary, capricious, an abuse of discretion, or contrary to law; and we should accordingly affirm.

. One of Mohammed-Ali’s bond conditions — ■ one that was never changed — was that he surrender his passport to Pretrial Services.

. If a Free at Last representative had had a face-to-face encounter with the defendant at any time during the eighteen months when he wore no ankle bracelet, or at least made some contact with the clerk, the defendant’s probation officer, or other court official, that representative could have learned — or seen with his or her own eyes — that the defendant was not wearing an ankle bracelet.