[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10033
Non-Argument Calendar
_____

D.C. Docket No. 0:96-cr-06051-WPD-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE GABRIEL URIBE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 14, 2012)

Before BARKETT, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Jose Uribe, proceeding *pro se*, appeals the district court's denial of his petition for a writ of mandamus to compel the government to file a Federal Rule of Criminal Procedure 35(b) motion for reduction of his sentence. On appeal, Uribe argues that the government's refusal to file a Rule 35 motion in his case was based on an unconstitutional motive, such as his race or religion, in bad faith, and not rationally related to a legitimate government end.[1] Uribe notes that he is dark-skinned, Colombian, and Jewish, and he suggests that the government has a record of not moving for sentence reductions for Hispanic and Jewish defendants. Additionally, Uribe contends that the court abused its discretion in denying his motion without granting him an evidentiary hearing.

A district court has original jurisdiction to "compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. "The remedy of mandamus is a drastic one, to be invoked only

---

[1] On March 31, 2009, Uribe signed a cooperation letter that provided, inter alia, that: "The defendant acknowledges and agrees . . . that nothing in this Agreement may be construed to require this Office [of the United States Attorney] to file any such [Rule 35] motions and that this Office's assessment of the nature, value, truthfulness, completeness, and accuracy of the defendant's cooperation shall be binding insofar as the appropriateness of this Office's filing of any such motion is concerned." Thus, for what appears to be good reason, Uribe has abandoned on appeal his argument that the government breached an agreement between the parties by not filing a Rule 35 motion. See United States v. Cunningham, 161 F.3d 1343, 1344 (11th Cir. 1998) (holding that issue is abandoned where the defendant fails to argue it on appeal).

in extraordinary situations." In re BellSouth Corp., 334 F.3d 941, 953 (11th Cir. 2003) (quotations and alteration omitted). "The party seeking mandamus has the burden of demonstrating that its right to issuance of the writ is clear and indisputable." Id. (quotations omitted). A writ of mandamus "is only appropriate when: (1) the plaintiff has a clear right to the relief requested; (2) the defendant has a clear duty to act; and (3) no other adequate remedy is available." Cash v. Barnhart, 327 F.3d 1252, 1258 (11th Cir. 2003) (quotations and alteration omitted). As Uribe sought relief pursuant to § 1361, his motion to compel specific performance is a petition for a writ of mandamus, and this Court reviews the district court's decision for an abuse of discretion. See Kerr v. U.S. Dist. Ct. for the N. Dist. of Cal., 426 U.S. 394, 403, 96 S. Ct. 2119, 2124 (1976).

Rule 35(b)(1) provides that, "[u]pon the government's motion made within one year of sentencing, the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person." Fed. R. Crim. P. 35(b)(1). In addition, Rule 35(b)(2) states:

> Upon the government's motion made more than one year after sentencing, the court may reduce a sentence if the defendant's substantial assistance involved:
>
> > (A) information not known to the defendant until one year or more after sentencing;

3

(B) information provided by the defendant to the government within one year of sentencing, but which did not become useful to the government until more than one year after sentencing; or

(C) information the usefulness of which could not reasonably have been anticipated by the defendant until more than one year after sentencing and which was promptly provided to the government after its usefulness was reasonably apparent to the defendant.

Fed. R. Crim. P. 35(b)(2).

The government has the power, but not the duty, to file a substantial-assistance motion when the defendant has provided substantial assistance. See Wade v. United States, 504 U.S. 181, 185, 112 S. Ct. 1840, 1843 (1992) (addressing the government's failure to file a substantial-assistance motion in the U.S.S.G. § 5K1.1 context); United States v. McNeese, 547 F.3d 1307, 1308-09 (11th Cir. 2008) (applying Wade in the Rule 35(b) context). Federal district courts may review the government's refusal to file a substantial-assistance motion if the defendant first makes a "substantial threshold showing" that the refusal was based upon an unconstitutional motive, such as race or religion. Wade, 504 U.S. at 185-86, 112 S. Ct. at 1843-44. In addition, review would also be authorized where the prosecutor's motive in refusing to move "was not rationally related to any legitimate Government end." Id. at 186, 112 S. Ct. at 1844. However, a defendant is not entitled to a remedy or even an evidentiary hearing where he merely claims

4

that he provided substantial assistance or makes generalized allegations of improper motive; instead, he must make a "substantial threshold showing" of improper motive.  Id. at 186, 112 S. Ct. at 1844.

In applying Wade, we have stated that, when the government does not file a motion for substantial assistance, "courts are precluded from intruding into prosecutorial discretion," except where there is "an allegation *and* a substantial showing that the prosecution refused to file a substantial assistance motion because of a constitutionally impermissible motivation, such as race or religion." United States v. Forney, 9 F.3d 1492, 1501-02 (11th Cir. 1993).  Consequently, we have rejected the argument that judicial review of a prosecutor's decision not to file a Rule 35 motion would be proper where a defendant alleged that the government's refusal to file was in bad faith, but not unconstitutionally motivated. See id. at 1501 n.4 (explaining that review is appropriate only when an unconstitutional motive has been alleged, as other analyses would invade prosecutorial discretion and contradict Wade); see also United States v. Nealy, 232 F.3d 825, 831 (11th Cir. 2000) (limiting "our review of the government's refusal to file substantial assistance motions to claims of unconstitutional motive").

The district court did not abuse its discretion by denying Uribe's petition for a writ of mandamus.  Nor did the district court abuse its discretion in refusing to

5

hold an evidentiary hearing on this issue.  See United States v. Dorsey, 554 F.3d 958, 961 (11th Cir. 2009) (explaining that a defendant is not entitled to an evidentiary hearing because he "merely claims to have provided substantial assistance or makes only generalized allegations of an improper motive").  Uribe has failed to make a "substantial threshold showing" that the government's refusal to file a Rule 35 motion in his case was based on an unconstitutional motive, having presented only generalized allegations with no evidentiary support.[2] Further, his assertions that the government's refusal to file was in bad faith or resulted from the government's undervaluing his cooperation are not sufficient to trigger judicial review.  Accordingly, we affirm.

AFFIRMED.[3]

---

[2]    The record belies Uribe's vague suggestions that the prosecution had a "hidden agenda" that involved discriminating against "dark-skinned" individuals and refusing to move for sentence reductions for "Hispanic/Jewish defendants that have provided substantial assistance." According to the government, the information Uribe provided was already known to the government, and his assistance was therefore not substantial and did not warrant a Rule 35 motion.  The government has demonstrated that it filed Rule 35 motions with respect to only those co-conspirators, Hispanic or otherwise, who had provided substantial assistance—i.e., their assistance led to the indictment of others.  The government also notes that Uribe's PSI lists his race as "white/hispanic," and that the government was not even aware that Uribe practices the Jewish religion.

[3]    Uribe's request for oral argument is DENIED.