[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 9, 2009
THOMAS K. KAHN
CLERK

_____

No. 06-16698
Non-Argument Calendar
_____

D.C. Docket No. 05-00389-CR-T-23TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES DORSEY,
a.k.a. Mountain Man,
SANDRA AVERY,
a.k.a. Sandra Dorsey,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(January 9, 2009)**

Before TJOFLAT, BIRCH and WILSON, Circuit Judges.

WILSON, Circuit Judge:

Upon *sua sponte* reconsideration of this appeal, we vacate our prior opinion and substitute the following in its place.

James Dorsey ("Dorsey") and Sandra Avery appeal their jury convictions for drug conspiracy and drug distribution charges. Both contend that pretrial motions to suppress evidence seized from their residence and introduced at their trial should have been granted because the affidavits supporting the search warrants contained false statements and lacked probable cause. After careful review, we find that there was sufficient corroborating information in the affidavits to support a finding of probable cause and affirm their convictions without further discussion.

Dorsey also appeals his sentence. He argues that the government refused to file a motion to reduce his sentence pursuant to United States Sentencing Guideline § 5K1.1 to punish him for exercising his Sixth Amendment right to a jury trial, thereby denying him due process of law. After careful review, we affirm.

BACKGROUND

At sentencing, the district court determined that Dorsey's advisory Guidelines range was 168 to 210 months. Dorsey then moved the court to compel the government to file a § 5K1.1 motion because after his arrest he immediately cooperated with the police. Dorsey's cooperation led to his drug supplier's arrest and the seizure of a quarter kilogram of cocaine. About four months after his initial

2

arrest and cooperation, Dorsey was arrested on the instant federal drug charges.

Asserting that the government had earlier informed him that he could earn a § 5K1.1 departure because of his cooperation if he pleaded guilty, Dorsey argued that the government impermissibly refused to file the motion once Dorsey decided to go to trial. The government responded that it never told Dorsey that he had earned a § 5K1.1 departure but rather told Dorsey that the circumstances surrounding his minimal amount of cooperation would be considered if he cooperated fully and completely. At sentencing, the government stated that Dorsey "chose not to continue with cooperation. He chose to go to trial." Dorsey responded that irrespective of whether his cooperation was minimal, it was obvious that his cooperation was complete, and the government's refusal to move for a § 5K1.1 departure based on his decision to go to trial was an unconstitutional motive. The district court denied Dorsey's motion.

DISCUSSION

We review *de novo* the district court's authority to depart downward from the guideline range under § 5K1.1 in the absence of a motion by the government. *See United States v. Forney*, 9 F.3d 1492, 1498 (11th Cir. 1993) (citation omitted).

Section 5K1.1 of the Sentencing Guidelines provides that "[u]pon motion of the government stating that the defendant has provided substantial assistance in the

investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines." U.S. SENTENCING GUIDELINES MANUAL § 5K1.1. We have stated that the government has " 'a power, not a duty, to file a motion when a defendant has substantially assisted.' " *Forney*, 9 F.3d at 1500 (quoting *Wade v. United States*, 504 U.S. 181, 185, 112 S. Ct. 1840, 1843 (1992)). Therefore, a district court cannot grant a downward departure for substantial assistance absent a motion by the government. *Id.* at 1501. However, the United States Supreme Court held that "federal district courts have authority to review a prosecutor's refusal to file a substantial-assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive," like "race or religion." *Wade*, 504 U.S. at 185-86. A defendant who merely claims to have provided substantial assistance or who makes only generalized allegations of an improper motive is not entitled to a remedy or to even an evidentiary hearing. *Id.* at 186. Thus, judicial review is appropriate only "when there is an allegation *and* a substantial showing that the prosecution refused to file a substantial assistance motion because of a constitutionally impermissible motivation." *Forney*, 9 F.3d at 1502 (citation and footnote omitted) (emphasis in original).

We have not previously decided whether the government's refusal to file a § 5K1.1 motion to punish a defendant for exercising his constitutional right to a jury

4

trial is an unconstitutional motive under *Wade*. We need not reach that issue here because Dorsey is unable to make the required threshold showing of impropriety. The government offered Dorsey a § 5K1.1 substantial assistance downward departure in exchange for both Dorsey's cooperation and guilty plea, and Dorsey has expressly acknowledged that the government's offer was conditioned on his entry of a guilty plea. Dorsey's admission demonstrates that the offer was made "in the 'give-and-take' of plea bargaining," in which Dorsey was "free to accept or reject the prosecution's offer." Thus, no dispute exists that the government made its offer in the context of a plea negotiation, which offer Dorsey rejected when he chose to go to trial. In this context, there was "no such element of punishment or retaliation," and the government's later refusal to file a § 5K1.1 motion was constitutionally permissible under *Bordenkircher v. Hayes*, 434 U.S. 357, 363, 98 S. Ct. 663, 668 (1978) (citation omitted) (discussing the "give and take" and "mutuality of advantage" of plea bargaining).

Notwithstanding the context in which the offer was made, the record independently supports an affirmance. First, no claim or evidence exists that Dorsey could have provided any assistance in expectation of a § 5K1.1 motion because he had already provided all of the assistance he would ever provide before facing the federal charges (and before the government raised the possibility of a §

5

5K1.1 departure). Next, Dorsey admits that he was aware that the government did not consider Dorsey's prior assistance sufficient to warrant a § 5K1.1 motion and would condition any departure motion on Dorsey's providing future substantial assistance (in addition to pleading guilty). Dorsey's admission strongly supports the government's proffer that it legitimately withheld the § 5K1.1 motion in the absence of substantial assistance from Dorsey. Lastly, a careful review of the record suggests that the district court properly found that Dorsey's proffer in support of his motion was insufficient to constitute the "substantial showing" of unconstitutional motivation or actual vindictiveness necessary to the claimed constitutional violation.

Finally, Dorsey argues that his sentence was otherwise unreasonable. We review a final sentence imposed by the district court for reasonableness, which requires that we review the sentence under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. __, 128 S. Ct. 586, 594 (2007). Dorsey's guidelines range was 168 to 210 months, and the district court sentenced him to 210 months. We ordinarily expect a sentence within the guidelines range to be reasonable, and the appellant has the burden of establishing the unreasonableness of the sentence in light of the record and the § 3553(a) factors. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). Having considered Dorsey's arguments and the record, we

6

conclude that the district court did not abuse its discretion in sentencing Dorsey.

**AFFIRMED**.