[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 1, 2010
JOHN LEY
CLERK

No. 09-14700
Non-Argument Calendar

_____

D. C. Docket No. 03-20551-CR-PCH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JACKY BERNARD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 1, 2010)

Before CARNES, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Jacky Bernard, *pro se*, appeals the district court's denial of his motion to

compel the district court to reduce his sentence in accordance with Fed. R. Crim. P. 35(b).

Bernard argues that the district court had jurisdiction to grant him a sentence reduction, even if the government opposed the reduction, because the government's opposition was not rationally related to any legitimate government means. Bernard claims that his assistance was substantial and caused another person to agree to cooperate in the apprehension of others. Moreover, Bernard claims that he relied on a City of Miami Police Department detective's promise that the government would file a Rule 35(b) motion, and since the detective was acting under the authority of the government, the government should perform its part of the agreement. Bernard claims that there is overwhelming evidence that his assistance was substantial, and the district court should have awarded him the reduction despite the government's opposition because the government did not deny that his information was helpful but instead simply stated that he did not give information about the crime for which the person was actually convicted.

"Upon the government's motion . . . the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person." Fed. R. Crim. P. 35(b)(1). The government has "a power, not a duty, to file a motion when a defendant has substantially assisted."

*Wade v. United States*, 504 U.S. 181, 185 (1992). However, the government's refusal to file a Rule 35(b) motion can be reviewed by the district court, and the district court can grant relief if it finds that the government's refusal was based on an unconstitutional motive, such as race or religion, and therefore not rationally related to any legitimate government end. *Id.* at 185-86. *See also United States v. Nealy*, 232 F.3d 825, 831 (11th Cir. 2000) (holding that our review of the government's refusal to file a Rule 35(b) motion is limited to claims of unconstitutional motive). Nevertheless, "[a] defendant who merely claims to have provided substantial assistance or who makes only generalized allegations of an improper motive is not entitled to a remedy . . . . judicial review is appropriate only when there is an allegation and a substantial showing that the prosecution refused to file a substantial assistance motion because of a constitutionally impermissible motivation." *United States v. Dorsey*, 554 F.3d 958, 961 (11th Cir. 2009) (citation and quotations omitted).

Here, Bernard has not shown that the government's refusal to file a Rule 35(b) motion was based on a constitutionally impermissible motive and we accordingly find no error in the district court's denial of Bernard's motion to compel a sentence reduction based on substantial assistance.

**AFFIRMED.**

3