[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-11162
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 11, 2010
JOHN LEY
CLERK

D. C. Docket No. 03-20226-CR-JIC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HENRY CLAUDE AGNEW,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 11, 2010)

Before TJOFLAT, EDMONDSON and ANDERSON, Circuit Judges.

PER CURIAM:

Henry Agnew appeals the district court's denial of his pro se motion to compel the government to file a motion to reduce his sentence pursuant to Fed.R.Crim.P. 35(b). No reversible error has been shown; we affirm.

Agnew was indicted for drug trafficking in 2003. As part of a plea agreement, Agnew pleaded guilty to one count; he agreed to cooperate with the government. On its part, the government reserved the right to evaluate Agnew's cooperation and to share its evaluation with the court at the time of sentencing. The plea agreement provided that the government might, at or before sentencing, make a motion for a downward departure or, post-sentencing, make a Rule 35 motion for reduction of sentence, "[i]f in the sole and unreviewable judgment" of the government, Agnew's substantial assistance so warranted. The plea agreement provided further:

> The defendant acknowledges and agrees, however, that nothing in this Agreement may be construed to require this Office to file such a motion and that this Office's assessment of the nature, value, truthfulness, completeness, and accuracy of the defendant's cooperation shall be binding on the defendant.

At sentencing, the government requested a sentence at the low end of the 262 to 327-month guidelines range; it stated that it would consider filing a Rule 35

2

motion in the future. The court imposed a 262-month sentence.

In November 2008, Agnew filed a motion to compel the government to file a motion to reduce sentence. According to Agnew, he provided -- at some risk to himself and his family -- substantial assistance to the government and that assistance was critical to the conviction of a drug kingpin. The government responded that it had considered Agnew's cooperation and determined that a sentence reduction was not warranted. The government argued that the district court had no jurisdiction to grant Agnew's motion: Agnew had neither alleged nor shown that the government's failure to file a substantial assistance motion was the product of a constitutionally impermissible motive. Because no constitutionally impermissible motive was alleged, the district court denied Agnew's motion.

We review de novo a district court's authority under Fed.R.Crim.P. 35(b) to reduce a sentence in the absence of a government motion. See United States v. Forney, 9 F.3d 1492, 1498 (11th Cir. 1993) (considering government refusal to file a U.S.S.G. § 5K1.1 substantial assistance motion). Because Rule 35(b) provides the government with "'a power, not a duty, to file a motion when a defendant has substantially assisted,'" United States v. Forney, 9 F.3d 1492, 1500 (11th Cir.1993) (quoting Wade v. United States, 112 S.Ct. 1840, 1843 (1992)), "federal district courts have authority to review a prosecutor's refusal to file a substantial-assistance

3

motion and to grant a remedy [only] if they find that the refusal was based on an unconstitutional motive," such as "race or religion." Wade, 112 S.Ct. at 1843-44. See United States v. McNeese, 547 F.3d 1307, 1309 (11th Cir. 2008) (applying Wade limitations on judicial review to Rule 35(b) substantial assistance motions). And, as we have said,

> A defendant who merely claims to have provided substantial assistance or who makes only generalized allegations of an improper motive is not entitled to a remedy or to even an evidentiary hearing. Thus, judicial review is appropriate only when there is an allegation *and* a substantial showing that the prosecution refused to file a substantial assistance motion because of a constitutionally impermissible motivation.

United States v. Dorsey, 554 F.3d 958, 961 (11th Cir. 2009) (internal citation and quotation omitted).

On appeal Agnew questions whether the government's refusal to file a substantial assistance motion on his behalf was because he "was 'Black with Dred Locks' [sic]? Was this done because 'Dred Locks [sic] is not a style, but a Religious Belief?" We note that this suggestion of unconstitutional motive was not advanced before the district court. And, in any event, district court authority to review a government refusal to file a substantial assistance motion is triggered only when the allegation is supported by a substantial showing of unconstitutional motive. "[A] claim that a defendant merely provided substantial assistance will not

4

entitle a defendant to a remedy or even to discovery or an evidentiary hearing.  Nor would additional but generalized allegations of improper motive." Wade, 112 S.Ct. at 1844.  Agnew's assertions that he provided substantial assistance -- together only with speculative and generalized suggestions of unconstitutional motivation -- support no review of the government's discretionary decision to make no Rule 35(b) motion.[*]

AFFIRMED.

---

[*]Agnew's related argument that the government violated his plea agreement also is without merit.  The plea agreement obligated the government only to consider filing a substantial assistance motion on Agnew's behalf.  Because nothing in Agnew's plea agreement required the government to request a sentence reduction, Agnew fails to show that the government breached its obligations under the plea agreement.  See Forney, 9 F.3d at 1499-1500 (government's failure to make a section 5K1.1 motion was not a breach of plea agreement that provided that government would "consider" whether defendant's assistance qualified as substantial assistance).