[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-14474
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 18, 2011
JOHN LEY
CLERK

D.C. Docket No. 4:95-cr-00030-CDL-MSH-1


UNITED STATES OF AMERICA,

                                                             Plaintiff - Appellee,

                          versus

PIERRE J. CANNON,

                                                             Defendant - Appellant.


_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(October 18, 2011)

Before EDMONDSON, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Pierre Cannon appeals the district court's denial of his pro se motion to compel the government to file a motion to reduce his sentence pursuant to Fed.R.Crim.P. 35(b). No reversible error has been shown; we affirm.

In 1995, a jury found Cannon guilty of one count of carjacking, multiple counts of robbery, and multiple counts of firearm possession. The trial occurred after discussions between the prosecution and Cannon on a plea agreement collapsed. The collapse was precipitated by Cannon's failing three consecutive polygraphs, even after the government promised that a third failure would result in no further plea negotiations and no later filing of a Rule 35(b) motion on his behalf in the case.

The district court originally sentenced Cannon to 1,313 months of imprisonment. In 2008, Cannon appealed this original sentence based on Amendment 599 of the Sentencing Guidelines; and in 2010 the district court -- when the case was remanded -- reduced the original sentence to 1,171 months of imprisonment.

Later in 2010, Cannon filed a pro se motion to compel the government to file a motion to reduce sentence and subsequently also moved to supplement his

motion to compel with additional supporting documentation. According to Cannon, while imprisoned he provided substantial assistance to many law enforcement agencies which led to arrests and the prevention of crimes. Cannon's chief grounds for his motion to compel were that his assistance helped the government and that his lawyer -- after meeting with government representatives about this assistance -- told him that a motion to reduce sentence was forthcoming.

The government argued that the district court had earlier ruled against Cannon on the merits of the same issue and that the district court had no jurisdiction to grant relief pursuant to Rule 35(b) absent a government motion. Because no constitutionally impermissible motive was alleged, the district court denied Cannon's motion to compel and denied as moot Cannon's motion to supplement.

We review de novo a district court's authority under Fed.R.Crim.P. 35(b) to reduce a sentence in the absence of a government motion. See United States v. Forney, 9 F.3d 1492, 1498 (11th Cir. 1993) (considering government refusal to file a U.S.S.G. § 5k1.1 substantial assistance motion). Because Rule 35(b) provides the government with "'a power, not a duty, to file a motion when a defendant has substantially assisted,'" United States v. Forney, 9 F.3d 1492, 1500

(11th Cir. 1993) (quoting Wade v. United States, 112 S.Ct. 1840, 1843 (1992)),

"federal district courts have authority to review a prosecutors's refusal to file a

substantial-assistance motion and to grant a remedy [only] if they find that the

refusal was based on an unconstitutional motive," such as "race or religion."

Wade, 112 S.Ct. at 1843-44.  See United States v. McNeese, 547 F.3d 1307, 1309

(11th Cir. 2008) (applying Wade limitations on judicial review to Rule 35(b)

substantial assistance motions).

> Further, as we have said,

> A defendant who merely claims to have provided substantial assistance or who makes only generalized allegations of an improper motive is not entitled to a remedy or to even an evidentiary hearing. Thus, judicial review is appropriate only when there is an allegation *and* a substantial showing that the prosecution refused to file a substantial assistance motion because of a constitutionally impermissible motivation.

United States v. Dorsey, 554 F.3d 958, 961 (11th Cir. 2009) (internal citation and

quotation omitted).

Cannon has neither alleged, nor made a substantial showing, that the

prosecution refused to file a substantial assistance motion because of a

constitutionally impermissible motivation.  Cannon's assertions that he provided

substantial assistance and that his lawyer promised a government motion to reduce

sentence was forthcoming, do not allow review of the government's discretionary

4

decision to make no Rule 35(b) motion.

AFFIRMED.