[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 31, 2011
JOHN LEY
CLERK

No. 10-14728
Non-Argument Calendar

_____

D.C. Docket No. 1:91-cr-00655-FAM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES CLARK,
a.k.a. Bunky Brown,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 31, 2011)

Before EDMONDSON, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

Charles Clark, a federal prisoner proceeding pro se, appeals from the district

court's denial of his motion to compel the government to file a motion for a sentencing reduction on his behalf, pursuant to Fed. R. Crim. P. 35(b). Clark argued that, despite rendering substantial assistance to the government, the government refused to file a Rule 35(b) motion as punishment for his earlier decision to proceed to trial.

We review de novo whether the district court can compel the government to file a substantial assistance motion. See United States v. Forney, 9 F.3d 1492, 1498 (11th Cir. 1993). Generally, the government has the power, but not the duty, to file a motion to reduce sentence when a defendant has provided substantial assistance to the government. Wade v. United States, 504 U.S. 181, 185 (1992); United States v. McNeese, 547 F.3d 1307, 1309 (11th Cir. 2008). The government's refusal to file a Rule 35(b) motion can be reviewed by the district court, and the district court can grant relief, only if it finds that the government's refusal was based on an unconstitutional motive, such as race or religion. Wade, 504 U.S. at 185-86.

In this case, the district court properly denied Clark's motion to compel the government to file a Rule 35(b) motion. This is so because, even assuming that Wade prohibits the government from retaliating against defendants who exercise their constitutional right to proceed to trial, Clark failed to make a "substantial

showing" that the government harbored such a motive.  See United States v.

Dorsey, 554 F.3d 958, 961 (11th Cir. 2009).  Accordingly, we affirm.

**AFFIRMED.**