[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13787
Non-Argument Calendar
_____

D.C. Docket No. 3:10-cr-00282-MMH-JBT-2

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

HENRY LEE BROWN,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 5, 2013)

Before CARNES, MARCUS and MARTIN, Circuit Judges.

PER CURIAM:

Henry Lee Brown appeals his total 130-month sentence following his

convictions for one count of conspiracy to possess with intent to distribute 500

grams or more of cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B) (2006); one count of attempting to possess with intent to distribute more than 500 grams of cocaine, in violation of §§ 841(a)(1) and (b)(1)(B); and one count of possession of a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (2006). Brown argues here that the district court erred in denying his request for an evidentiary hearing on his motion to compel the government to file a motion pursuant to United States Sentencing Guidelines § 5K1.1 based on his substantial assistance. At sentencing, Brown argued that Drug Enforcement Administration (DEA) agents had made an unqualified promise that the government would file a § 5K1.1 motion. Brown argued that the government refused to file this motion because he exercised his constitutional right to a trial, not because he had perjured himself at trial, as the government asserted.

## I.

Brown was arrested in April of 2010 when he brought $20,000 and a handgun to a meeting with a government informant posing as a cocaine dealer. After his arrest, Brown cooperated, to a degree, in the investigations of four other suspected drug dealers including Henry Manns.

On the advice of counsel, Brown proceeded to trial on the drug conspiracy and possession charges, and the gun charge. At trial, Brown asserted an entrapment defense, arguing that he had not been predisposed to drug dealing. The

government challenged Brown's assertions on cross-examination with recordings of Brown negotiating a price for the cocaine and with questions about the assistance he offered the DEA.  Brown argued that he had been "role-playing" and "going along with what the dude had told me to go along with."  He also asserted that he had not been an informant, denied knowing drug dealers, and claimed that he had simply cooperated with the DEA because DEA agents told him "it was the right thing to do."  The government also put on DEA Special Agent Mark Baughman as a rebuttal witness.  Baughman testified that through the years Brown had provided him with information about the local drug trade.  The jury convicted Brown on all three counts.

Before sentencing, Brown moved the court to compel the government to file a § 5K1.1 motion for a downward departure based on his substantial assistance. Brown's motion alleged that the government was withholding the § 5K1.1 motion to punish Brown for going to trial.  The government responded that Brown did not deserve a § 5K1.1 motion because he had tried to sabotage the Manns investigation, had scuttled two other investigations, and had perjured himself at trial.  The government also denied that it had promised Brown anything.

At sentencing, the court reviewed the Presentence Investigation Report and determined that it would impose an enhancement for obstruction of justice on Brown's perjury at trial.  Brown does not contest this enhancement on appeal.

3

Then, the district court allowed Brown to present evidence that he was deserving of a § 5K1.1 motion. The court made repeated attempts to learn the terms of the alleged agreement, asking about "who specifically said what and when." Brown claimed that the agreement, offered exclusively by DEA agents, was "[v]ery simple," they would "show [him] the love at sentencing." Brown asserted, essentially, that this was an unqualified promise. Brown also claimed that the prosecutor's motive for not filing the § 5K1.1 motion was to punish him, but offered no evidence of that motive aside from saying that "the government's poor reasons don't hold water." With respect to the court's perjury finding and the government's use of perjury as a justification not to file the § 5K1.1 motion, Brown simply stated "that [reason] is not even consistent with the government's obligation to reward the substantial assistance that they have already acknowledged existed."

The district court assumed the facts presented by Brown to be true, and also that the denial of a § 5K1.1 motion for the purpose of punishing Brown would be an unconstitutional motive. The district court found, however, that "[w]e're going to show you the love at sentencing" could not be transformed into an unconditional promise warranting judicial intervention in the face of an uncooperative, not credible defendant. The district court also observed that Brown's proffer "presented no evidence whatsoever that the reason motivating the prosecutor or the

4

prosecution was the defendant's decision to go to trial." The district court declined to hold an evidentiary hearing and denied the motion.

## II.

Brown argues that the district court erred in failing to hold an evidentiary hearing as to whether the government breached an agreement to file a § 5K1.1 motion due to an improper motive. Brown argues that his proffer created "materially disputed facts relating to the due process issue of the government's breach."

We review for abuse of discretion a district court's decision whether to hold an evidentiary hearing. United States v. Arbolaez, 450 F.3d 1283, 1293 (11th Cir. 2006). The existence and scope of an agreement between the government and a defendant are findings of fact that we review for clear error. See United States v. Al-Arian, 514 F.3d 1184, 1191 (11th Cir. 2008) (holding that "the district court's factual findings regarding the scope of [a plea] agreement will be set aside only if they are clearly erroneous"); United States v. Cain, 587 F.2d 678, 680 (5th Cir. 1979) (holding the same, with respect to the existence of a plea agreement).[1]

Where a criminal defendant's guilty plea "rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration," the promise must be enforced. Santobello v. New

---

[1] In Bonner v. City of Prichard, we adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981. 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

York, 404 U.S. 257, 262, 92 S. Ct. 495, 499 (1971).  Nevertheless, courts should (1) avoid "hyper-technical" readings of these agreements that might directly contradict the oral understanding of the defendant; (2) view the agreements against the background of any negotiation between the government and the defendant; and (3) construe the agreements against the government in the case of ambiguities. United States v. Jefferies, 908 F.2d 1520, 1523 (11th Cir. 1990) (quotation marks omitted).  However, a court cannot read terms into an agreement, but rather, "[t]he contract, once created, is to be interpreted in accordance with the objective import of its unambiguous terms." United States v. Weaver, 905 F.2d 1466, 1473 (11th Cir. 1990).

Under the Sentencing Guidelines, a sentencing court may depart from the guidelines if the government files a motion stating that the defendant has provided substantial assistance in the investigation or prosecution of another person. U.S.S.G. § 5K1.1 (2011).  Generally, the government has the power, but not the duty, to file a § 5K1.1 substantial-assistance motion. Wade v. United States, 504 U.S. 181, 185, 112 S. Ct. 1840, 1843 (1992).  In Wade, the Supreme Court held that a district court can review a prosecutor's refusal to file a substantial-assistance motion and grant a remedy if the court finds that the refusal was based on an unconstitutional motive, such as the defendant's race or religion. Id. at 185–86, 112 S. Ct. at 1843–44.  We have also said that "judicial review is appropriate only

6

when there is an allegation <u>and</u> a substantial showing that the prosecution refused to file a substantial assistance motion because of a constitutionally impermissible motivation." <u>United States v. Dorsey</u>, 554 F.3d 958, 961 (11th Cir. 2009) (quotation marks omitted). Mere allegations of bad faith on the part of the government are not sufficient if they are unrelated to the constitutionally impermissible motivation. <u>See</u> <u>United States v. Forney</u>, 9 F.3d 1492, 1501 n.4 (11th Cir. 1993) (rejecting the dissent's suggestion that the Court should engage in a broader bad faith analysis).

The district court neither abused its discretion in denying to hold an evidentiary hearing nor clearly erred in finding that the facts did not support the existence of an enforceable agreement between the government and Brown. Brown's factual proffers, even accepted as true, were not sufficient to establish the existence of an unqualified promise that the government would file a § 5K1.1 motion. Assuming that DEA agents did say that Brown would get "love at sentencing" for his assistance, there is no evidence that this was the type of agreement contemplated in <u>Santobello</u>. <u>See</u> <u>Santobello</u>, 404 U.S. at 262, 92 S. Ct. at 499.

Particularly in light of Brown's perjury at trial, the district court did not clearly err in finding that Brown had failed to establish that the government was motivated by a constitutionally impermissible reason. We note that Brown does

not contest on appeal the district court's finding that he had committed perjury.  In fact, his very arguments on appeal contradict his testimony and support the perjury finding.  His assertion that he assisted the government because of an unqualified promise for a substantial assistance motion is contradicted by his testimony at trial that he helped because he was told "it was the right thing to do."  His claim to providing substantial assistance is contradicted by his testimony at trial that he was not a confidential informant and was generally ignorant of the drug trade.

Finally, given that the district court accepted Brown's proffered facts as true and still found Brown to be not entitled to relief, we cannot say that the district court abused its discretion in denying an evidentiary hearing.  See Wade, 504 U.S. at 186, 112 S. Ct. at 1844 (holding that "a defendant has no right to . . . an evidentiary hearing unless he makes a substantial" showing of facts entitling him to relief).  Cf. Spinkellink v. Wainwright, 578 F.2d 582, 590 (5th Cir. 1978) (finding an evidentiary hearing to be unnecessary in a habeas case where a movant was not entitled to relief even assuming his proffered facts were true).

**AFFIRMED.**