[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11291
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cr-00233-ODE-LTW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WALTER JOHNS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(December 6, 2013)

Before MARCUS, KRAVITCH, and JORDAN, Circuit Judges.

PER CURIAM:

Believing that the government had reneged on its promise to file a
substantial-assistance motion pursuant to Rule 35 of the Federal Rules of Criminal

Procedure, Walter Johns filed a motion to compel the government to do so. The district court denied Mr. Johns' motion without an evidentiary hearing, and Mr. Johns now appeals. Following a review of the record and the parties' briefs, we affirm.

## I

Mr. Johns pled guilty to a conspiracy to possess with the intent to distribute at least 5 kilograms of cocaine and was sentenced to 240 months in prison, the mandatory minimum, followed by 10 years of supervised release. As part of his plea, Mr. Johns agreed to cooperate with the government, and the plea agreement in turn provided that "[i]f . . . cooperation [was] completed after sentencing *and* the Government determine[d] that such cooperation qualifie[d] as 'substantial assistance' pursuant to Rule 35(b) . . . , the Government w[ould] file a motion for reduction of sentence." D.E. 21 at 7-8 (emphasis added). Believing that he provided substantial assistance in the investigation and prosecution of his co-defendant Jerrick Williams, who later pled guilty, Mr. Johns filed a *pro se* motion to compel the government to file a motion for a downward departure to his sentence, a motion he later amended with the assistance of counsel. According to letters attached to Mr. Johns' motion, the government had refused to file the motion because it determined that Mr. Johns' cooperation did not "'play a large

part' in Mr. Williams' decision to plead guilty." D.E. 105 at 3. The district court denied Mr. Johns' motion to compel, and he timely filed this appeal.

## II

At the outset, we address the government's argument that we lack jurisdiction over Mr. Johns' appeal. It is beyond dispute that "district courts have authority to review a prosecutor's refusal to file a substantial-assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive." *Wade v. United States*, 504 U.S. 181, 185-86 (1992). *See also United States v. McNeese*, 547 F.3d 1307 (11th Cir. 2008) (applying *Wade* to a Rule 35 motion). In addition, district courts have original jurisdiction "in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. §1361. Although, as discussed below, the standard of review varies depending on how we characterize Mr. Johns' motion, the existence of our jurisdiction does not. The district court's order denying the motion was a final appealable order, and Mr. Johns filed his notice of appeal within 14 days of the entry of judgment. Accordingly, we have jurisdiction on appeal. *See* 28 U.S.C. §1291; Fed. R. App. P. 4(b)(1)(A)(i).

## III

If Mr. Johns' motion is construed as invoking the district court's authority to reduce a sentence in the absence of a government motion pursuant to Rule 35, the

3

district court's denial would call for *de novo* review.  *See United States v. Forney*, 9 F.3d 1492, 1498 (11th Cir. 1993).  Similarly, "[w]hether the Government breached a plea agreement is a question of law, to be reviewed *de novo*."  *United States v. De La Garza*, 516 F.3d 1266, 1269 (11th Cir. 2008).  On the other hand, we review the denial of a petition for a writ of mandamus for abuse of discretion. *See Kerr v. U.S. Dist. Ct. for the N. Dist. of Cal.*, 426 U.S. 394, 403 (1976) ("[I]t is important to remember that issuance of the writ is in large part a matter of discretion with the court to which the petition is addressed.").  We need not, however, decide which of these standards applies here because we hold that the district court's order passes muster under either standard.

Under Rule 35, the government has the power, but not the duty, to file a motion for a downward sentencing departure when the defendant provides substantial assistance within one year of sentencing.  *See Wade*, 504 U.S. at 185. Although federal district courts may review the government's refusal to file a Rule 35 motion, in order to prevail the defendant must make a "substantial threshold showing" that "the refusal was based on an unconstitutional motive," such as race or religion, or demonstrate that the refusal "was not rationally related to any legitimate Government end." *Id.* at 185-86.  The district court correctly found that Mr. Johns failed to make this threshold showing.

4

Mr. Johns argues with some force that he provided substantial assistance to the government following his sentencing. Yet he does not allege that the government's refusal to file a Rule 35 motion stems from any unconstitutional motive. Instead, he merely asserts that "[f]ailing to give anyone credit for honest substantial assistance that led to the investigation and prosecution of another person is certainly not a legitimate government interest and violates constitutionally protected rights." Appellant's Br. at 19. But, as the Supreme Court has made clear, "a claim that a defendant merely provided substantial assistance," even when coupled with "additional but generalized allegations of improper motive," "will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing." *Wade*, 504 U.S. at 186. Instead, a defendant must provide "an allegation *and* a substantial showing that the prosecution refused to file a substantial assistance motion because of a constitutionally impermissible motivation." *Forney*, 9 F.3d at 1502. Because Mr. Johns does little more than recount the assistance he provided to the government, the district court correctly found that he failed to meet this standard, and thus he was "not entitled to a remedy or to even an evidentiary hearing." *United States v. Dorsey*, 554 F.3d 958, 961 (11th Cir. 2009).

The district court also correctly found that the government's refusal to file a Rule 35 motion did not constitute a breach of the plea agreement. Mr. Johns

argues that his plea agreement created a binding obligation on the government to file a downward departure motion if he provided substantial assistance. But this argument ignores the plain language of the plea agreement, which provides that the government "will file" a motion *only if* "the Government determines," in its sole discretion, that Mr. Johns' cooperation qualifies as substantial assistance. D.E. 21 at 7-8 ("[T]he determination as to whether Defendant has provided 'substantial assistance' rests *solely* with the Government.") (emphasis added). Because the government here determined that Mr. Johns' cooperation did not amount to substantial assistance, it did not breach any express promise to file a downward departure motion. *See Forney*, 9 F.3d at 1499 n.2 (declining to review the government's refusal to file a motion under U.S.S.G. § 5K1.1 under contract principles where there was no evidence that "the government failed to comply with [an] explicit provision of the plea agreement").

Finally, Mr. Johns asserts that the government acted arbitrarily and in bad faith in determining whether his cooperation amounted to substantial assistance. But, even if we disagreed with the government's assessment of Mr. Johns' cooperation, "courts are precluded from intruding into prosecutorial discretion" by "evaluat[ing] the assistance rendered by a defendant offering cooperation as a term of his plea agreement unless and until the government makes a . . . motion for downward departure based on substantial assistance." *Forney*, 9 F.3d at 1501.

6

Accordingly, under the law of this circuit, a defendant may not challenge the government's refusal to file a substantial-assistance motion on the grounds of generalized bad faith. *See id.* at 1501 n.4 (explaining that, under "the [Supreme] Court's clear holding in *Wade*[,] . . . judicial review of the government's decision not to file a 5K1.1 motion is appropriate only when unconstitutional motivation has been alleged").

## IV

For the foregoing reasons, we affirm the district court's denial of Mr. Johns' motion to compel the government to file a motion for a substantial-assistance departure pursuant to Rule 35.

**AFFIRMED**.