[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-11228

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MUHAMADOU KAMATEH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:20-cr-00103-TWT-LTW-3

_____

Before WILSON, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Muhamadou Kamateh appeals his 46-month sentence for conspiracy to commit money laundering, 18 U.S.C. § 1956(a)(1)(B)(i) & (h). He argues that his sentence is procedurally and substantively unreasonable, and that the government's failure to move for a downward departure based on his substantial assistance violated an implied plea agreement. For the reasons that follow, we affirm Kamateh's conviction and sentence.

## I.

In August 2018, Kamateh checked luggage containing approximately $45,000 in cash onto a flight departing from Nashville International Airport, but he did not board the flight. Law enforcement officers seized the cash after a police dog gave a positive alert for the odor of narcotics on it.

Two months later, Kamateh again checked luggage containing a large amount of cash—this time almost $115,000—onto a flight departing from Nashville International Airport. Once again, a police dog alerted to the smell of narcotics on the money, and law enforcement officers seized it.

Both sums of cash seized from Kamateh were later determined to be proceeds from a marijuana trafficking organization run by one of Kamateh's cousins, Alhaji Jewru Touray. Kamateh, Touray, and others were named in a six-count indictment charging

them with conspiracy to commit money laundering. The indictment also charged Kamateh's codefendants with drug-trafficking and firearm offenses.

Kamateh entered a guilty plea to the money laundering conspiracy charge. The district court sentenced him to 46 months in prison followed by three years of supervised release. Kamateh now appeals, arguing that (1) the district court committed procedural error by denying his request for a mitigating role reduction when determining his Sentencing Guidelines sentencing range, (2) his 46-month sentence is substantively unreasonable, and (3) the government's refusal to move for a substantial-assistance reduction violated an implied plea agreement. We consider each argument in turn.

## II.

### A.

Kamateh first argues that his sentence is procedurally unreasonable because the district court declined to reduce his U.S. Sentencing Guidelines offense level based on his role in the offense, which he contends was minimal. A district court's conclusion about the defendant's role in the offense is a factual finding that we review for clear error. *United States v. Docampo*, 573 F.3d 1091, 1096 (11th Cir. 2009). The defendant bears the burden of establishing by a preponderance of the evidence that he is entitled to a mitigating role reduction. *United States v. Cruickshank*, 837 F.3d 1182, 1192 (11th Cir. 2016).

If a sentencing court finds that the defendant played a lesser role in the relevant criminal activity, it may reduce the defendant's Guidelines offense level by two to four levels.  U.S.S.G. § 3B1.2. The court may apply a two-level reduction for a "minor participant," a four-level reduction for a "minimal participant," and a three-level reduction for a defendant whose participation falls in between.  *Id.*  A minor participant is someone "who is less culpable than most other participants in the criminal activity, but whose role could not be described as minimal," while minimal participants are "plainly among the least culpable of those involved in the conduct of a group." *Id.*, cmt. nn.4 & 5.

In determining whether a role reduction is appropriate, the district court should look to two guiding principles.  First, "the district court must assess whether the defendant is a minor or minimal participant in relation to the relevant conduct attributed to the defendant in calculating her base offense level" under the Guidelines. *United States v. Rodriguez De Varon*, 175 F.3d 930, 941 (11th Cir. 1999) (en banc).  Here, Kamateh's base offense level was calculated based solely on the transportation of approximately $160,000 in drug proceeds—he was not held accountable for any of his codefendants' drug-trafficking activities or for the money-laundering crimes committed by other couriers in his cousin's organization. For purposes of assessing Kamateh's role under § 3B1.2 of the Sentencing Guidelines, therefore, the relevant conduct was identical to his actual conduct.

Second, "the district court may also measure the defendant's culpability in comparison to that of other participants in the relevant conduct." *Id.* at 944. In conducting this comparative assessment, the focus remains on the conduct for which the defendant was held accountable at sentencing. *Id.* The "district court may consider only those participants who were involved in the relevant conduct attributed to the defendant," and only to the extent that such participants "are identifiable or discernable from the evidence." *Id.* Based on the evidence before the district court, the only other participant in Kamateh's conduct was his cousin Touray, the leader of the criminal enterprise who presumably directed Kamateh's activities at some level.

With these two principles in mind, we consider Kamateh's argument that the district court clearly erred in finding that he did not play a minor or minimal role in the relevant conduct. Kamateh's chief argument is that by transporting money on two occasions, he played only a minimal role in Touray's drug-trafficking organization. He points out that he had no part in buying, transporting, or selling narcotics, and that the money he carried was only a fraction of the millions of dollars laundered by his cousin during the course of the conspiracy. This argument ignores the first principle discussed above: "in determining a defendant's role in the offense, a district court must measure the defendant's role against the relevant conduct attributed to her in calculating her base offense level." *De Varon*, 175 F.3d at 943–44. Kamateh's role in his codefendants' drug-trafficking conspiracy is irrelevant

because Kamateh was not held accountable for the activities of the drug-trafficking organization at sentencing. *See id.* at 941–42, 944. As we have explained before, "where the relevant conduct attributed to a defendant is identical to her actual conduct, she cannot prove that she is entitled to a minor role adjustment simply by pointing to some broader criminal scheme in which she was a minor participant but for which she was not held accountable." *Id.* at 941.

As to the conduct for which Kamateh was held accountable—transporting cash proceeds from the drug-trafficking business on two occasions—he has not carried his burden of showing that he was a minor or minimal participant. Although defense counsel argued at sentencing that Kamateh did not plan or organize his money-laundering trips and had no decision-making authority or discretion with regard to those trips, he presented no evidence to support those contentions. *See* U.S.S.G. § 3B1.2, cmt. n.3(C)(ii)–(iv). And even if we assume that Touray (as mastermind of the larger conspiracy) played a managing role in Kamateh's conduct, that fact is not dispositive since it is possible that neither Kamateh nor his cousin are minor or minimal participants in the relevant conduct. *De Varon*, 175 F.3d at 944. On this record, the district court did not clearly err in finding that Kamateh did not play a minor or minimal role in the criminal conduct for which he was held accountable.

B.

Next, Kamateh argues that his 46-month sentence is substantively unreasonable in light of his personal history of childhood abuse and privation and his candor and cooperation with the government. We review the substantive reasonableness of a sentence using an abuse-of-discretion standard, considering the totality of the circumstances and whether the sentence achieves the purposes outlined in 18 U.S.C. § 3553(a). *United States v. Irey*, 612 F.3d 1160, 1188–89 (11th Cir. 2010) (en banc).

Under § 3553(a), a sentencing court must consider the nature and circumstances of the defendant's offense and the defendant's history and characteristics and impose a sentence that is "sufficient, but not greater than necessary, to comply with" the statutory purposes of sentencing. 18 U.S.C. § 3553(a). Those purposes include the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, protect the public from further crimes by the defendant, and provide the defendant with needed education and treatment. *Id.* § 3553(a)(2). The court must also consider the kinds of sentences available, the defendant's Guidelines sentencing range, applicable guidelines and policy statements issued by the Sentencing Commission, the need to avoid unwarranted sentencing disparities among similarly situated defendants, and the need for restitution, if any. *Id.* § 3553(a)(3)–(7).

"A district court abuses its considerable discretion and imposes a substantively unreasonable sentence only when it (1) fails

to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015) (citation and quotation marks omitted). Applying the abuse-of-discretion standard, we will reverse only if we are "left with the definite and firm conviction that the district court arrived at a sentence falling outside the range of reasonable sentences." *United States v. McQueen*, 727 F.3d 1144, 1156 (11th Cir. 2013).

The 46-month sentence here was well within the range of reasonable sentences that the district court could have imposed for Kamateh's crime. The court explained that it had considered the relevant § 3553(a) sentencing factors and believed that a within-Guidelines sentence appropriately accounted for them. The court emphasized the seriousness of Kamateh's offense, which involved laundering a total of approximately $160,000 in drug-trafficking proceeds, and it concluded that the sentence of home confinement that Kamateh requested would not provide just punishment for the offense. Contrary to Kamateh's argument on appeal, the weight to be accorded to any one of these factors, as compared to Kamateh's personal history, "is a matter committed to the sound discretion of the district court, and the court is permitted to attach great weight to one factor over others." *United States v. Riley*, 995 F.3d 1272, 1279 (11th Cir. 2021) (citations and quotation marks omitted).

We also reject Kamateh's argument that the district court should have given him a below-Guidelines sentence to account for his cooperation with the government, despite the government's refusal to request a downward departure on that ground. The court was aware that Kamateh had supplied information leading to the indictment of at least one codefendant but refused to provide any assurance that he would continue to cooperate (by, for example, testifying at his codefendants' trials). Under the circumstances, it was not unreasonable for the district court to decline to vary downward below Kamateh's Guidelines range based on his cooperation.

We also note that the sentence was at the low end of the Guidelines range of 46–57 months and well below the statutory maximum sentence of 20 years in prison. *See* 18 U.S.C. § 1956(a)(1) & (h). Although a Guidelines sentence is not entitled to a presumption of reasonableness, "sentences that fall within the Guidelines range or that are below the statutory maximum are generally reasonable," and the defendant bears the burden of showing that his sentence is unreasonable in light of the record and the § 3553(a) factors. *United States v. Muho*, 978 F.3d 1212, 1227 (11th Cir. 2020); *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010). Kamateh has not met his burden here, and we conclude that the district court did not abuse its discretion in sentencing him.

## C.

Last, Kamateh argues that the government's refusal to move for a downward departure pursuant to U.S.S.G. § 5K1.1 breached

an unwritten plea agreement.[1]  When a defendant's "plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 262 (1971).  Accordingly, if the government promises to file a substantial-assistance motion in exchange for the defendant's assistance and guilty plea and later breaches that agreement, we may enforce the government's promise by remanding for resentencing and specific performance or to allow the defendant to withdraw his guilty plea. *See id.* at 263; *United States v. Hunter*, 835 F.3d 1320, 1329 (11th Cir. 2016).

Generally, where the facts are undisputed, we review whether the government breached a plea agreement with the defendant de novo. *Hunter*, 835 F.3d at 1324.  But because Kamateh failed to object on this ground in the district court, we review only for plain error. *See Puckett v. United States*, 556 U.S. 129, 133–34 (2009).  Plain error exists where (1) there is an error; (2) that is "clear or obvious"; and (3) that affected the defendant's substantial rights. *Id.* at 135.  If all three prongs are satisfied, we may reverse "if the error seriously affect[s] the fairness, integrity, or public

---

[1] Section 5K1.1 provides, in relevant part, that the district court may depart from a defendant's Guidelines range "[u]pon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense."

reputation of judicial proceedings." *Id.* (alteration in the original) (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)).

We find no error—let alone plain error—here. Kamateh claims that he cooperated with the government and entered a guilty plea "with the implicit understanding that he would benefit from assistance that benefited the government." But while it is evident that the parties discussed the *possibility* of a government substantial-assistance motion, it is equally evident that the government made no promises in that regard. Kamateh testified at the change-of-plea hearing that no one had made him any promises that induced him to plead guilty, and his counsel confirmed that she had no knowledge of any plea agreement or bargain affecting Kamateh's guilty plea. And at sentencing, the parties explained that they had been unable to reach a plea agreement because the government would *not* agree to file a substantial-assistance motion based solely on Kamateh's past cooperation, and Kamateh would not commit to providing continued assistance until the conclusion of his codefendants' trials. Since the government did not promise to file a substantial-assistance motion, its failure to file such a motion was not a breach of a plea agreement. *Cf. United States v. Copeland*, 381 F.3d 1101, 1105 (11th Cir. 2004) (the first step in determining whether the government breached a plea agreement is to "determine the scope of the government's promises").

In the absence of an enforceable promise by the government, our review of the government's decision not to file a substantial-assistance motion is limited. Section 5K1.1 gives the

government "a power, but not a duty, to file a motion when a defendant has substantially assisted." *Wade v. United States*, 504 U.S. 181, 185 (1992). In other words, the decision whether to file a substantial-assistance motion is a matter of prosecutorial discretion, and the government is not obligated to file a motion for a downward departure merely because the defendant has provided substantial assistance. *See id.* at 185–86, 187. Judicial review of the exercise of this discretion "is appropriate only 'when there is an allegation *and* a substantial showing that the prosecution refused to file a substantial assistance motion because of a constitutionally impermissible motivation.'" *United States v. Dorsey*, 554 F.3d 958, 961 (11th Cir. 2009) (emphasis in original) (quoting *United States v. Forney*, 9 F.3d 1492, 1502 (11th Cir. 1993)).

Kamateh has not made any showing that the government's refusal stemmed from an unconstitutional motivation. Instead, he argues that the government was obligated to reward his assistance because the information he provided led to indictments. But a "claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy." *Wade*, 504 U.S. at 186.

## III.

We conclude that Kamateh's sentence is not procedurally or substantively unreasonable, and that the government did not breach a plea agreement with Kamateh by refusing to file a motion for a downward departure pursuant to U.S.S.G. § 5K1.1. We therefore **AFFIRM** Kamateh's conviction and sentence.

**AFFIRMED.**