[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-10903

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

KENDRICK KENTRELL PATRICK,
a.k.a. KP,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:19-cr-00123-TFM-B-4

_____

Before WILSON, ROSENBAUM, and LUCK, Circuit Judges.

PER CURIAM:

Kendrick Kentrell Patrick appeals his 292-month total sentence for conspiracy to possess with intent to distribute cocaine and crack cocaine and possession of a firearm by a convicted felon. On appeal, he argues that the district court abused its discretion when it denied his motion to require the government to disclose the reasons for its refusal to file a downward departure motion based on his substantial assistance. The government contends that the appellate waiver in his plea agreement covers this challenge and therefore prohibits the appeal. It also responds that the court properly denied Patrick's motion. After careful review, we affirm the denial of Patrick's motion without determining whether the appeal waiver applies.[1]

_____

[1] We decline to resolve whether the appeal waiver bars this appeal. It's not clear that Patrick's challenge, related to the government's obligations under the plea agreement, falls within the scope of the waiver. *See, e.g.*, *United States v. Puentes-Hurtado*, 794 F.3d 1278, 1284 (11th Cir. 2015) (stating that appeal waivers do not apply to claims that the government breached the plea agreement). And even with a valid appeal waiver, we will still "review a sentence based on a constitutionally impermissible factor," such as race or religion. *King v. United States*, 41 F.4th 1363, 1367 (11th Cir. 2023) (quotation marks omitted). Because that's essentially the same standard Patrick must meet to obtain relief on his motion, *see United States v. Dorsey*, 554 F.3d 958, 961 (11th Cir. 2009) (judicial review is available where "the prosecution refused to file a substantial

## I.

In May 2019, a federal grand jury returned a 42-count superseding indictment against Patrick and five codefendants. Patrick was charged with one count of conspiracy to possess with intent to distribute cocaine and cocaine base, 21 U.S.C. § 846, multiple counts of possession with intent to distribute, *id.* § 841(a)(1), and one count of unlawful possession of a firearm after a felony conviction, *id.* § 922(g)(1). In August 2019, Patrick pled guilty to the conspiracy and gun counts under a written agreement with the government.

In the plea agreement, Patrick accepted terms relating to cooperation with the government and sentence-reduction motions under U.S.S.G. § 5K1.1 and Rule 35, Fed. R. Crim. P. The government agreed to move for a downward departure under § 5K1.1 or Rule 35 if Patrick "provide[d] full, complete, truthful and substantial cooperation to the United States, which results in substantial assistance to the United States in the investigation or prosecution of another criminal offense."

But notably, the plea agreement made clear that the decision whether Patrick's cooperation amounted to substantial assistance was "specifically reserved by the United States in the exercise of its sole discretion." The agreement also warned Patrick that, if he "provide[d] untruthful information . . . , fail[e]d to disclose material

---

assistance motion because of a constitutionally impermissible motivation"), we'll get straight to the point and address the merits of the motion.

facts . . . , or commit[ted] a new criminal offense, the United States will not make a motion for downward departure." Lastly, the plea agreement included a provision waiving Patrick's direct appellate rights unless certain narrow exceptions applied.

Patrick cooperated with the government for multiple years, including as a government trial witness, and his sentencing was repeatedly postponed as a result. But in November 2022, the government notified Patrick that it would not be filing a § 5K1.1 motion for his benefit because he had breached the plea agreement by engaging in criminal conduct while incarcerated at the Conecuh County Jail.

In March 2023, just before sentencing was set to go forward, Patrick filed a motion requesting an order directing the United States to produce the information "upon which [it] relies in its refusal to file a 5K motion." Defense counsel advised that, while the government had provided a "verbal outline of allegations," it had refused to provide any documentation to substantiate the allegations, which Patrick denied. Counsel asserted that the government's refusal to file a 5K motion was "wholly based on false information and thorough investigation would show this."

The government responded in opposition to Patrick's motion for disclosure. It noted that Patrick did not claim that the government breached the plea agreement or acted in bad faith and that he cited no authority for the remedy he sought. The government stated that it did not intend to introduce at sentencing or to the court any information Patrick sought in his motion and

that, to the extent privilege did not cover the information, the government declined to produce it. The government further contended that it was simply exercising its discretion as appropriate under both Patrick's plea agreement and federal law, and that Patrick had not presented a basis for judicial review.

At sentencing, the district court heard argument from the parties and then denied the motion to compel the government to substantiate its refusal to file a 5K motion. Patrick's attorney stressed that he lacked the information to effectively challenge the government's position, and that he believed the government was relying on erroneous information. The government responded that Patrick had not "provided any legal basis on which to require that the government disclose that type of information at this stage of the proceedings." The court stated that, after reviewing the plea agreement and relevant case law, it did not see a constitutional basis for granting Patrick's motion because it was within the government's discretion not to file a § 5K motion.

Without a reduction for substantial assistance, the district court calculated a guideline range of 360 months to life imprisonment based on a total offense level of 39 and a criminal history of IV. Citing a new Department of Justice policy, the government asked for a sentence of 292 months, at the low end of the guideline range (292 to 365 months) that would have applied if the crack cocaine in the case had been treated as powder cocaine. Patrick personally addressed the court, suggesting that the warden of the Conecuh County Jail had falsely accused him of assault. The

court sentenced Patrick to a total term of 292 months in prison, stating that it would have imposed the same sentence even if Patrick had received a 5K departure. Patrick now appeals the denial of his motion for discovery relating to the government's decision not to file a 5K motion. He does not otherwise appeal his sentence.

## II.

We typically review *de novo* whether the district court may compel the government to make a substantial-assistance motion. *United States v. Forney*, 9 F.3d 1492, 1498 (11th Cir. 1993). We review the denial of a motion to order discovery for an abuse of discretion. *United States v. Cuya*, 964 F.3d 969, 970 (11th Cir. 2020).

## III.

Under § 5K1.1 of the Sentencing Guidelines, the district court "may depart from the guidelines" "upon motion of the government stating that the defendant has provided substantial assistance." U.S.S.G. § 5K1.1. This provision "gives the Government a power, not a duty, to file a motion when a defendant has substantially assisted." *Wade v. United States*, 504 U.S. 181, 185 (1992). And courts generally are "are precluded from intruding into prosecutorial discretion." *Forney*, 9 F.3d at 1501.

Of course, the prosecutor's discretion when exercising that power is subject to constitutional limitations.[2] *Id.* According to

---

[2] The government's discretion may also be subject to contractual limitations. But beyond asserting that the government owed a duty of good faith and fair

*Wade*, federal courts may review the government's refusal to file a substantial-assistance motion if the "refusal was based on an unconstitutional motive," such as race or religion, or "was not rationally related to any legitimate Government end." 504 U.S. at 185–86.

But judicial inquiry is warranted only if a defendant makes a "substantial threshold showing" of an unconstitutional motive. *Wade*, 504 U.S. at 186–87; *Forney*, 9 F.3d at 1502. "A claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing. Nor would additional but generalized allegations of improper motive." *Wade*, 504 U.S. at 186; *see United States v. Dorsey*, 554 F.3d 958, 961 (11th Cir. 2009) ("A defendant who merely claims to have provided substantial assistance or who makes only generalized allegations of an improper motive is not entitled to a remedy or to even an evidentiary hearing.").

Here, the district court did not abuse its discretion in denying Patrick's motion for discovery. The government was not under a duty to file a § 5K motion on Patrick's behalf, and it was free to utilize prosecutorial discretion in making that decision. Patrick did not allege that the government based its refusal on an

___

dealing under the plea agreement, Patrick does not argue that the agreement limited the government's discretion to file a 5K motion or that the government otherwise violated the plea agreement. So he has abandoned any argument along those lines. And as a result, judicial review of the government's refusal to file a substantial-assistance motion is controlled by *Wade* and "not general contract principles." *Forney*, 9 F.3d at 1500 n.3.

unconstitutional motive, so he was not entitled to have the district court review the government's decision, even assuming he otherwise provided substantial assistance. *See United States v. Nealy*, 232 F.3d 825, 831 (11th Cir. 2000) (rejecting the view that "the government cannot refuse to file a substantial-assistance motion for reasons other than the nature of defendant's substantial assistance." (cleaned up)).    While Patrick alleged that the government's decision might have been based on false information, which he contends would not serve a legitimate government end, he simply speculates to that effect.  And that falls short of making the type of "substantial threshold showing" of improper motive that would warrant discovery or an evidentiary hearing. *See Wade*, 504 U.S. at 186.  Thus, we affirm.

**AFFIRMED.**