**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 24-13909

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

JONATHAN O'NEAL THOMAS,

*Defendant- Appellant.*

————————————

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:22-cr-00166-JB-MU-1

————————————

Before ROSENBAUM, ABUDU, and BLACK, Circuit Judges.

PER CURIAM:

Jonathan O'Neal Thomas appeals his sentence of 180 months' imprisonment with a 5-year term of supervised release for possession of a firearm as a convicted felon. Thomas argues that

we should adopt a rule, as a matter of due process, requiring the Government to justify its decision to decline to move for a downward departure for substantial assistance. The Government contends Thomas's appeal is precluded by the appeal waiver included in his plea agreement.

A defendant may waive his right to appeal if the waiver is made knowingly and voluntarily. *United States v. Boyd*, 975 F.3d 1185, 1190 (11th Cir. 2020). An appeal waiver is enforceable if the district court specifically questioned the defendant about it during the plea colloquy, or if it is manifestly clear from the record that the defendant understood its full significance. *Id.* A waiver was made knowingly and voluntarily if it was "clearly conveyed" to the defendant that the agreement barred an appeal under "most circumstances." *Id.* at 1192.

A defendant may waive his right to appeal both constitutional and non-constitutional issues by executing a valid appeal waiver. *United States v. Bascomb*, 451 F.3d 1292, 1297 (11th Cir. 2006). There are only a few "narrow substantive exceptions" under which we will review a sentence when an appeal is otherwise barred by a waiver. *King v. United States*, 41 F.4th 1363, 1367 (11th Cir. 2022). First, we will review an appeal of a sentence based on a constitutionally impermissible factor, such as race. *Id.* We have also suggested that extreme circumstances, like a sentence involving public flogging, would perhaps justify review of a sentence, despite an appeal waiver. *Id.* Finally, we will review an appeal of a

24-13909                 Opinion of the Court                 3

sentence that exceeds a statutory maximum penalty, despite an appeal waiver.  *Id.*

Thomas's appeal is barred by the appeal waiver included in his plea agreement.  *See Boyd*, 975 F.3d at 1190 (reviewing the validity of a sentence appeal waiver *de novo*).  Thomas's waiver was knowing and voluntary and he confirmed to the district court that he understood the terms of his agreement, including that he had waived his right to appeal in most circumstances.  None of the exceptions detailed in the plea agreement or recognized by our precedent apply to Thomas's appeal.

**AFFIRMED.** [1]

---

[1] We note the Government's refusal to file a substantial assistance motion is subject to judicial review only if it was based on an unconstitutional motive or it was not rationally related to a legitimate government end.  *See Wade v. United States*, 504 U.S. 181, 186 (1992); *United States v. Dorsey*, 554 F.3d 958, 960-61 (11th Cir. 2009).  Thomas makes no argument the prosecutor refused to file a substantial assistance motion based on an unconstitutional motive, such as race or religion, or that was not rationally related to a legitimate government end.  Our precedent makes clear there is no general requirement for the district court to review the prosecutor's discretionary decision regarding a substantial assistance motion.  *See id.* at 961.