[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-13888
Non-Argument Calendar

_____

D.C. Docket No. 5:19-cr-00228-ACA-GMB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STEVEN LEWIS EMERY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(September 29, 2021)

Before JILL PRYOR, LUCK and MARCUS, Circuit Judges.

PER CURIAM:

Steven Emery appeals his 211-month total sentence, imposed after pleading

guilty to 2 counts of being a felon in possession of a firearm, 1 count of possession

with intent to distribute 50 grams or more of methamphetamine, and 1 count of

possession of a firearm in furtherance of a drug-trafficking offense.  On appeal, he

argues that the government breached the terms of the plea agreement by not filing a substantial assistance motion pursuant to U.S.S.G. § 5K1.1 or 18 U.S.C. § 3553(e). The government responds on the merits to Emery's claim, but also argues that Emery's appeal should be dismissed pursuant to the sentence-appeal waiver in his plea agreement to the extent he challenges directly its decision not to file a substantial-assistance motion. After thorough review, we affirm.

We will enforce a sentence-appeal waiver if it was made knowingly and voluntarily. United States v. Bushert, 997 F.2d 1343, 1350 (11th Cir. 1993). We typically review de novo whether the district court may compel the government to make a substantial-assistance motion and whether the government breached a plea agreement. United States v. Copeland, 381 F.3d 1101, 1104 (11th Cir. 2004); United States v. Forney, 9 F.3d 1492, 1498 (11th Cir. 1993).

However, when a party did not raise an issue before the district court, we review under the plain error standard. United States v. De La Garza, 516 F.3d 1266, 1269 (11th Cir. 2008). To establish plain error, the defendant must show (1) an error, (2) that is plain, and (3) that affected his substantial rights. United States v. Turner, 474 F.3d 1265, 1276 (11th Cir. 2007). If the defendant satisfies these conditions, we may exercise our discretion to recognize the error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. Id. Where the explicit language of a statute or rule does not specifically resolve an issue, there

can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it. United States v. Hesser, 800 F.3d 1310, 1325 (11th Cir. 2015). Under the prior precedent rule, a prior panel's holding is binding on all subsequent panels unless the Supreme Court or this Court sitting en banc overrules it or undermines it to the point of abrogation. United States v. Steele, 147 F.3d 1316, 1318 (11th Cir. 1998) (en banc).

For starters, we are unpersuaded by the government's claim that Emery's appeal should be dismissed pursuant to the sentence-appeal waiver. We've squarely held that sentence-appeal waivers do not bar review of claims that the government breached the plea agreement that purports to bar a defendant from appealing his sentence. United States v. Puentes-Hurtado, 794 F.3d 1278, 1284 (11th Cir. 2015). Here, the record reflects that all of Emery's issues on appeal concern claims that the government breached the plea agreement by failing to file a substantial-assistance motion. Because these arguments fall outside the scope of his appeal waiver, they are not barred on appeal.

Nevertheless, we find no merit to Emery's claim that the government breached the terms of his plea agreement by not filing a § 5K1.1 or § 3553(e) substantial-assistance motion. The guidelines provide that a district court may not depart from the guidelines, pursuant to U.S.S.G. § 5K1.1, based upon the defendant's substantial assistance to the government, absent a motion by the government requesting

3

departure on this basis. Wade v. United States, 504 U.S. 181, 185 (1992). But §
5K1.1 alone cannot be used to reduce a defendant's sentence below the statutory
minimum. Melendez v. United States, 518 U.S. 120, 126-27 (1996). If the
government's motion invokes § 3553(e), then the district court may impose a
sentence below the statutory minimum based on a defendant's substantial assistance.
18 U.S.C. § 3553(e).

Importantly, § 3553(e) and § 5K1.1 give the government the power, but not a
duty, to file a substantial-assistance motion. United States v. Dorsey, 554 F.3d 958,
960-61 (11th Cir. 2009). The government's decision to refuse to file a substantial
assistance motion is subject to judicial review in only two circumstances. First, it is
reviewable if the refusal constitutes a breach of the plea agreement. See United
States v. Gonsalves, 121 F.3d 1416, 1419 (11th Cir. 1997) (discussing motions under
§ 5K1.1). Second, its discretion is subject to review if it is based on an
unconstitutional motive, such as race or religion, or is not rationally related to any
legitimate government end. Wade, 504 U.S. at 185-86.

The government's decision not to file a substantial assistance motion is not
reviewable for arbitrariness or bad faith where the government merely promised to
consider filing a substantial assistance motion. See Forney, 9 F.3d at 1502 & n.5.
Consequently, when a defendant merely claims he provided substantial assistance or
makes generalized allegations of an improper motive, he is not entitled to a remedy

4

or even to an evidentiary hearing. Wade, 504 U.S. at 186; Dorsey, 554 F.3d at 961. Thus, judicial review is appropriate only when there is an allegation and a substantial showing that the prosecution refused to file the motion because of a constitutionally impermissible motivation. Dorsey, 554 F.3d at 961.

Here, we can find no plain error concerning Emery's claim that the government breached the terms of the plea agreement by refusing to file a substantial-assistance motion.[1] In the plea agreement, the government agreed to file a substantial-assistance motion only "in the event" that Emery provided "substantial assistance." This means that the government's determination not to file a substantial-assistance motion is subject to judicial review only to determine if it is based on an unconstitutional motive or if it is not rationally related to any legitimate government end. See Forney, 9 F.3d at 1502 & n.5; Wade, 504 U.S. at 185-86. But Emery has not shown that the government's decision to not file a substantial-assistance motion was based on an unconstitutional motive or a reason not rationally related to any legitimate government end. Wade, 504 U.S. at 185-86; Forney, 9 F.3d at 1502 & n.5.

Nor, in any event, has Emery shown that the government breached the plea agreement. The plea agreement specifies that: "[i]n the event [Emery] provides

---

[1] Because Emery did not make any objections at the sentencing hearing concerning whether the government breached the plea agreement by failing to make a substantial-assistance motion, we review his claim for plain error.

assistance that rises to the level of 'substantial assistance,' as that term is used in U.S.S.G. § 5K1.1, the government agrees to file a motion requesting a downward departure in the calculation of [Emery]'s advisory guideline sentence."   The agreement continues: "the determination of whether the defendant's conduct rises to the level of 'substantial assistance' and/or whether the defendant's cooperation merits consideration under 18 U.S.C. § 3553(e) lies solely in the discretion of the United States Attorney's Office."   Emery relies on the phrase "the government agrees to file [a substantive-assistance motion]" to argue that the government breached the agreement by not doing so, but he ignores the plain language.  The agreement explains that the filing of the motion is conditioned on Emery providing substantial assistance, which is determined at the sole discretion of the government.

Similarly, Emery's claim that he provided substantial assistance does not entitle him to any remedy; as we've noted, the plea agreement gives the government the sole discretion to assess substantial assistance, and Emery has not shown that any of the limited circumstances warranting intervention by a court are present. Wade, 504 U.S. at 185-86.  Further, Emery's argument that Forney was wrongly decided and that plea agreements should be governed under contract law -- requiring the government to act in good faith -- is foreclosed by our binding precedent and the prior precedent rule.  Steele, 147 F.3d at 1318.

6

In short, Emery has not pointed to a specific provision in the plea agreement that the government breached nor has he otherwise made a "substantial showing" that the government's refusal to file a substantial-assistance motion on his behalf was based on a constitutionally impermissible motivation or was not rationally related to any legitimate government end.  See Wade, 504 U.S. at 185-86; Dorsey, 554 F.3d at 961.  Accordingly, we affirm.

**AFFIRMED**.